**Daniel KIRK and Linda Kirk, Plaintiffs,**

v.

**Joseph M. HEPPT, Esq., Defendant.**

**No. 05 Civ.9977(RWS).**

United States District Court, S.D. New York.

March 20, 2006.

Daniel Kirk, Middletown, NJ, Pro se.

Linda Kirk, Middletown, NJ, Pro se.

## MEMORANDUM OPINION

SWEET, District Judge.

Plaintiffs Daniel Kirk and Linda Kirk (the "Plaintiffs") have moved pursuant to Fed.R.Civ.P. 15(a) for leave to serve an amended complaint against defendant Joseph M. Heppt, Esq. (the "Defendant"). Defendant opposes Plaintiffs' motion on the grounds that granting leave to amend would be futile. Plaintiffs' motion was filed on January 31, 2006. It was marked fully submitted on February 15, 2006. For the reasons set forth below, Plaintiffs' motion is denied.

■ Where an answer has been filed, Rule 15(a) states that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The federal courts, however, have interpreted Rule 15 to permit such amendments only when (1) the party seeking the amendment has not unduly delayed, (2) that party is not acting in bad faith or with a dilatory motive, (3) the opposing party will not be unduly prejudiced by the amendment, and (4) the

amendment is not futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Mackensworth v. S.S. Am. Merchant,* 28 F.3d 246, 251 (2d Cir. 1994); *Prudential Ins. Co. v. BMC Indus., Inc.,* 655 F.Supp. 710, 711 (S.D.N.Y.1987).

■ "It is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao,* 336 F.3d 114, 126 (2d Cir.2003) (citing *Foman,* 371 U.S. at 182, 83 S.Ct. 227). A proposed amendment to a pleading is deemed to be futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. *See, e.g., Oneida Indian Nation of New York v. City of Sherrill,* 337 F.3d 139, 168 (2d Cir.2003) (holding amendment futile if "it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)") (citation omitted); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 42 (2d Cir.1979).

Specifically, Plaintiffs here seek to vacate the cause of action asserted under N.Y. General Business Law § 349 and amend the complaint with a cause of action alleging that Defendant violated the Civil RICO Act, 18 U.S.C. § 1962. Defendant argues that the addition of a Civil RICO claim would be futile as Plaintiffs cannot support a claim that would survive a motion to dismiss. Plaintiffs contend that the current complaint alleges facts that support the elements of a Civil RICO claim such that the amendment would not be futile.

Although leave to amend shall be freely granted, courts also "must be wary of putative civil RICO claims that are nothing more than sheep masquerading in wolves' clothing." *W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch,* No. 03 Civ. 8606(RWS), 2004 WL 2187069, 2004 U.S. Dist. LEXIS 19501 (S.D.N.Y. Sept. 30,

2004). "Because the 'mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants, . . . courts should strive to flush out frivolous RICO allegations at an early stage of the litigation.'" *Katzman*, 167 F.R.D. at 655 (quoting *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir.1990)); *accord Schmidt*, 16 F.Supp.2d at 346.

Section 1962 provides a private cause of action for those injured by another's pattern of racketeering activity. It states, in relevant part:

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. . . .

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. . . .

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962.

[3] To state a claim for civil damages under Section 1962, a plaintiff has a twofold pleading burden. First, the plaintiff must allege that the defendant has violated the substantive RICO statute, 18 U.S.C. § 1962. *See Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir.1983). Second, the plaintiff must allege that he or she was injured in his or her business or property by reason of the violation of Section 1962. *See* 18 U.S.C. § 1964(c); *Moss*, 719 F.2d at 17.

[4] To plead a violation of the substantive RICO statute, a plaintiff must allege the existence of seven constituent elements: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss*, 719 F.2d at 17 (citing 18 U.S.C. §§ 1962(a), 1962(b) and 1962(c)); *The Jordan (Bermuda) Inv. Co., Ltd. v. Hunter Green Invs. Ltd.*, 154 F.Supp.2d 682, 690 (S.D.N.Y.2001).

Section 1961(1) sets forth various criminal violations defined by state and federal law that may constitute "racketeering activity" under Section 1962. *See* 18 U.S.C. § 1961(1).

The predicate acts that Plaintiffs argue amount to racketeering activity arise from Defendant's alleged violation of the mail fraud statute and his alleged scheme to defraud. As Defendant correctly points out, as a matter of law neither one of these allegations amounts to a properly pleaded violation of Section 1962.

[5] Initially, while "scheming to defraud" is an element of a cause of action for mail fraud, it is not among the state law acts that fall within the definition of "racketeering activity." *See* 18 U.S.C. 1961(1)(A). The state law offenses enumerated in the statute are limited to:

(A) any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances

Act [21 USCS § 802] ), which is chargeable under State law and punishable by imprisonment for more than one year . . .

18 U.S.C.1961(1)(A). Because Plaintiffs' allegation that Defendant engaged in a "scheme to defraud" in violation of New York Penal Law § 190.65 does not fall within the definition of "racketeering activity," as a matter of law, it cannot amount to a violation of Section 1962.

■■ Plaintiffs' allegation that Defendant violated the mail fraud statute is also insufficient. As stated above, in addition to alleging that Defendant engaged in "racketeering activity," Plaintiffs also must plead that they suffered injury to their business or property "by reason of" Defendant's "racketeering activity." *See* 18 U.S.C. § 1964(c); *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 120 (2d Cir.2003). The causation requirement "is satisfied if the defendant's injurious conduct is both the factual and the proximate cause of the injury alleged." *Lerner*, 318 F.3d at 120 (citing *Holmes*, 503 U.S. at 268, 112 S.Ct. 1311).

Plaintiffs allege that Defendant violated the mail fraud statute by mailing invoices from his offices in New York to their home in New Jersey. They allege that these invoices were fraudulent in that they (1) contained inflated fees and (b) falsely stated that the $5,000 retainer paid by the Plaintiffs at the commencement of the litigation was being held in a trust account.

Assuming these allegations are true, Plaintiffs have not pled and will be unable to demonstrate that Defendant's mailing of fraudulent invoices was the proximate cause of their alleged injuries. The damages claimed by Plaintiffs arise from the Defendant's alleged negligence in handling their litigation. Therefore, Plaintiffs have not demonstrated that their injuries were the result of the Defendant's racketeering activity—namely mail fraud—as required to show proximate causation under Section 1962. *Baisch v. Gallina*, 346 F.3d 366, 373 (2d Cir.2003) ("[A] plaintiff does not have standing if he suffered an injury that was indirectly (and hence not proximately) caused by the racketeering activity or RICO predicate acts, even though the injury was proximately caused by some non-RICO violations committed by the defendants.").

■ As Plaintiffs have not demonstrated the jurisdictional standing requirements of "racketeering activity" and causation, they lack standing to assert a Civil RICO claim against the Defendant. Accordingly, the amendment of their complaint to include a Civil RICO claim would be futile.

For the reasons set forth above, Plaintiffs' motion for leave to amend the complaint is denied.

It is so ordered.