**Marvin ROSENBLATT, Plaintiff–Appellant,**

v.

**CHRISTIE, Manson & Woods Ltd., Defendant–Appellee.**

No. 05–6173–cv.

United States Court of Appeals, Second Circuit.

Aug. 31, 2006.

J. Douglas Richards, Milberg Weiss Bershad & Schulman LLP, New York, NY, for Plaintiff–Appellant.

Michael E. Salzman, Hughes Hubbard & Reed LLP, New York, NY, for Defendant–Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Marvin Rosenblatt appeals from a grant of summary judgment to defendant on his breach of contract, breach of the duty of good faith and fair dealing, and related claims. Familiarity with the facts, proce-

dural history and issues on appeal is assumed.

This Court reviews a grant of summary judgment *de novo,* determining whether the district court correctly concluded that there are no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003); *see also Williams v. R.H. Donnelley, Corp.,* 368 F.3d 123, 126 (2d Cir.2004).

Plaintiff argues that defendant failed to pay him "introductory commissions" for sales of the property of Nelson Seabra in 2003–2004 and in 1992–1996 allegedly due to him under a commission agreement. In its thorough Memorandum and Order, the district court found, with respect to the 2003–2004 sales, that the clear language of the commission agreement provides that plaintiff was entitled to a commission on "sales from Seabra" and not "sales from the collection of Seabra." It also found that the 1992–1996 claims were barred by the statute of limitations. We agree.

Pursuant to New York law, to establish a claim of breach of contract, a plaintiff must show "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 525 (2d Cir.1994) (citation omitted). Where, as here, a contract is unambiguous, it is enforced according to its terms, and the court will generally not look "outside the four corners of the document" to add to or vary it. *See Am. Home Prods. Corp. v. Liberty Mut. Ins. Co.,* 748 F.2d 760, 765 (2d Cir.1984) ("Where ... the contract's language admits of only one reasonable interpretation, the court need not look to extrinsic evidence of the parties' intent or to rules of construction to ascertain the contract's meaning."). Unambiguous contract terms "are given their plain meaning." *Krumme v. WestPoint Stevens, Inc.,* 238 F.3d 133, 139 (2d Cir. 2000) (internal quotation marks and citation omitted).

▪ The terms of the commission agreement were set forth in a letter from defendant's CEO, stating that plaintiff was entitled to a commission on "any sales from Mr. Nelson Seabra." The court below appropriately reasoned that the terms of the commission agreement did not entitle plaintiff to a commission on the 2003–2004 sales by Nelson Seabra's cousin and his wife. Plaintiff's 2003–2004 claims are based on an argument that the contract covered "sales (by others of property which belonged to) Seabra." However, as the district court concluded, it is clear that the contract focused on the identity of the consignor rather than on the sales of certain inventoried property that he owned. Since plaintiff's argument is premised on an implausible interpretation of the contract, it cannot defeat summary judgment. *See K. Bell & Assocs. v. Lloyd's Underwriters,* 97 F.3d 632, 637 (2d Cir.1996) (explaining that alternative constructions of a contract must be reasonable).

As the district court explained, because the 2003–2004 sales do not fall within the scope of the contract, plaintiff's claims for breach of the duty of good faith and fair dealing as to those sales also fail. *See Fasolino Foods Co. v. Banca Nazionale del Lavoro,* 961 F.2d 1052, 1056 (2d Cir. 1992); *see also Kingdom 5–KR–41, Ltd. v. Star Cruises PLC,* Nos. 01 Civ. 2946(DLC), 01 Civ. 7670(DLC), 2004 WL 1926090, at *5 (S.D.N.Y. Aug. 31, 2004). In addition, defendant was correctly awarded summary judgment on the breach of fiduciary duty claim since plaintiff is unable to show that a fiduciary duty existed. *See also In re Mid–Island Hosp., Inc.,* 276 F.3d 123, 130 (2d Cir.2002)

("[W]hen parties deal at arms length in a commercial transaction, no relation of confidence or trust sufficient to find the existence of a fiduciary relationship will arise absent extraordinary circumstances.") (internal quotation marks and citation omitted).

Relatedly, as the district court determined, a plaintiff who is unable to demonstrate a fiduciary relationship, generally cannot establish a constructive trust claim. *See In re First Cent. Fin. Corp.*, 377 F.3d 209, 212 (2d Cir.2004) (detailing the four elements for a constructive trust under New York law: "(1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer of the subject *res* made in reliance on that promise; and (4) unjust enrichment.") (internal quotation marks and citations omitted); *cf. Sec. Pac. Mortg. and Real Estate Servs., Inc. v. Rep. of Philippines*, 962 F.2d 204, 210 (2d Cir.1992) ("[W]here a party is unjustly enriched, a court sitting in equity may impose a constructive trust, even though no confidential or fiduciary relationship exists."). Furthermore, plaintiff is not entitled to a constructive trust because the rights of the parties here are based on a written agreement. *See In re First Cent. Fin. Corp.*, 377 F.3d at 214 n. 4 ("Indeed, the existence of a written agreement has already been held by a number of courts in this Circuit to bar a constructive trust.").

Plaintiff's fraud claims were properly denied since there is no cause of action for fraud where the only fraud charged relates to breach of contract. *See also Lehman v. Dow Jones & Co., Inc.*, 783 F.2d 285, 296 (2d Cir.1986) (explaining that a plaintiff "must show injury other than that resulting from ... [the] refusal to pay a finder's fee.") (internal quotation marks

and citation omitted). Also, plaintiff did not allege a necessary element, that he suffered damage as a result of the fraud. *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir.1997) (detailing damage as one of five elements required for a fraud claim under New York law).

Finally, the district court correctly concluded that the statute of limitations barred plaintiff's claims regarding the 1992–1996 sales since plaintiff did not commence the present action until 2004. *See* N.Y. CPLR § 213(2) (stating that an action upon a contractual obligation or liability must be commenced within six years); *see also ABB Indus. Sys., Inc. v. Prime Tech., Inc.*, 120 F.3d 351, 360 (2d Cir.1997) ("[I]n New York it is well settled that the statute of limitation for breach of contract begins to run from the day the contract was breached, not from the day the breach was discovered, or should have been discovered."); *see also T & N PLC v. Fred S. James & Co. of New York*, 29 F.3d 57, 60 (2d Cir.1994) (stating that "neither knowledge of the breach nor cognizable damages are required to start the statute of limitations running at breach.").

We have considered plaintiff's remaining claims and find them without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.