Daniel KIRK and Linda
Kirk, Plaintiffs,

v.

Joseph M. HEPPT, Esq., Defendant.

No. 05 CIV. 9977(RWS).

United States District Court,
S.D. New York.

Jan. 9, 2008.

Daniel Kirk, Middletown, NJ, pro se.

Linda Kirk, Middletown, NJ, pro se.

Joseph M. Heppt, Esq., New York, NY, pro se.

## OPINION

SWEET, District Judge.

Defendant, pro se, Joseph M. Heppt ("Heppt" or the "Defendant") has moved, presumably under Rule 12(b)(6), Fed. R.Civ.P., to dismiss the four causes of action set forth in the complaint of plaintiffs, pro se, Daniel Kirk ("Daniel") and Linda Kirk (collectively, the "Kirks" or the "Plaintiffs"). The Kirks have cross-moved to dismiss the counterclaim of Heppt alleging breach of contract, account stated, and defamation.

For the reasons set forth below, the causes of action for mail fraud, violation of N.Y. Penal Code § 190.60, and violation of N.Y. General Business Law § 349 are dismissed. The cause of action for breach of fiduciary duty is dismissed in part. The cross-motion to dismiss the counterclaims is granted in part and denied in part.

### Prior Proceedings

The Kirks initiated this action against Heppt, Daniel's former lawyer, on November 28, 2005. The complaint alleged breach of contract, fraudulent misrepresentation, breach of fiduciary duties, mail fraud. and violation of N.Y. General Business Law § 349 arising out of the representation by Heppt of Daniel in an action brought on behalf of Daniel against Daniel's former employer (Compl.¶ 1). The Honorable Sidney H. Stein dismissed Daniel's action on August 31, 2004. *Kirk v. Schindler Elevator Corp.,* No. 03 Civ. 8688(SHS), 2004 WL 1933584 (S.D.N.Y. Aug.31, 2004). The Kirks' motion to amend their Complaint in the instant action pursuant to Fed.R.Civ.P. 15(a) was denied by this Court on March 20, 2006. *Kirk v. Heppt,* 423 F.Supp.2d 147, 151 (2006). Discovery has proceeded.

After alleging the facts (Compl.¶¶ 9–21), the Kirks' Complaint sets forth four causes of action: mail fraud in violation of 18 U.S.C. § 1341, a scheme to defraud in violation of New York Penal Code § 190.60, breach of fiduciary duty, and violation of N.Y. General Business Law § 349. In addition, Plaintiffs assert in their prayer for relief that they are entitled to treble damages under New York Judiciary Law § 487. The instant action is before this Court on diversity jurisdiction under 28 U.S.C. 1332, as the Plaintiffs are alleged to reside in New Jersey, the Defendant in New York (Compl.¶¶ 2, 4).

The Heppt motion was submitted on May 16, 2007. The cross-motion of the Kirks was submitted on June 6, 2007.

### The 12(b)(6) Standard

In the absence of any designation and any Local Rule 56.1 Statements, the motion to dismiss certain causes of action in the Complaint will be treated as Rule 12(b)(6) motions.

In considering a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., the Court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner,* 282 F.3d 147, 152 (2d Cir.2002) (citing *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir.2001)), although mere "conclusions of law or unwarranted deductions" need not be accepted. *First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 771 (2d Cir.1994) (quotation marks and citation omitted).

On a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). In other words, " 'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.' " *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York*, 375 F.3d 168, 176 (2d Cir.2004) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980)). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, —— U.S. ——, ——, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).

The pleadings of *pro se* plaintiffs are liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, —— U.S. ——, ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). *See also Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir.1997). Courts interpret *pro se* pleadings "to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir.2000) (internal quotation marks and citation omitted). However, *pro se* plaintiffs are not exempt from the relevant rules of procedural and substantive law, including the pleading standards outlined in the Federal Rules of Civil Procedure. *See Ally v. Sukar*, 128 Fed.Appx. 194, 195 (2d Cir. Apr.19, 2005) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)). The "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." 2 *Moore's Federal Practice* § 12.34[1][b], at 12–61. Therefore,

"[d]ismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief," *Id.*, § 12.34[4][a], at 12–72.7 (2004), as "[a] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief require more than labels and conclusions." *Twombly* at 1964–65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

### The Fraud Claims are Dismissed

■ The Plaintiffs' first cause of action alleges a violation of 18 U.S.C. § 1341, the federal mail fraud statute, and is based upon the mailing of allegedly fraudulent invoices from Heppt's office in Manhattan to the Kirks' residence in New Jersey (Compl.¶ 23). However, there is no private right of action for violations of the federal mail fraud statute. *See Pharr v. Evergreen Garden, Inc.*, 123 Fed.Appx. 420, 422 (2d Cir.2005) ("The law in this circuit is clear that [18 U.S.C. § 1341] does not support any private right of action."). The cause of action for mail fraud under 18 U.S.C. § 1341 is dismissed.

■ In addition, the Complaint can be read as asserting a claim for common law fraud. To maintain a claim for common law fraud, a plaintiff must be able to show a causative link between the alleged fraud and his claimed damages. *See, e.g., Friedman v. Anderson*, 23 A.D.3d 163, 803 N.Y.S.2d 514, 517 (N.Y.App.Div.2005) (granting a motion to dismiss a fraud claim for failure to demonstrate that defendants' actions were the proximate cause of the claimed losses). With regard to fraud arising from the mailed invoices, the March 20, 2006, Memorandum Opinion denying the Plaintiffs leave to file an amended complaint stated that the Plaintiffs "will be unable to demonstrate that Defendant's mailing of fraudulent invoices was the proximate cause of their alleged injuries." *Kirk v. Heppt*, 423 F.Supp.2d at 151.

■ The Plaintiffs' second cause of action alleges a scheme to defraud, in violation of New York Penal Law § 190.60. The New York State Legislature modeled the "scheme to defraud" crime on the federal mail fraud statute. *People v. First Meridian Planning Corp.*, 86 N.Y.2d 608, 616, 635 N.Y.S.2d 144, 658 N.E.2d 1017 (1995); William C. Donnino, Practice Commentary, N.Y. Penal Law § 190.60 (McKinney 1998) ("Given parallel language in the two statutes, New York courts have found federal cases construing the mail fraud statute relevant to the construction of New York's 'scheme to defraud.' "). Because neither the New York State legislature nor any New York court has interpreted § 190.60 as providing a private cause of action, the claim based on the N.Y. Penal Law § 190.60 is dismissed.

### The N.Y. General Business Law § 349 Cause of Action is Dismissed

■ New York General Business Law § 349 applies solely to matters affecting the consumer public at large. *Vitolo v. Mentor H/S. Inc.*, 213 Fed.Appx. 16, 17 (2d Cir.2007). Private contract disputes, unique to the parties, are not covered by the statute. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 24–25, 623 N.Y.S.2d 529, 647 N.E.2d 741 (1995). *See also Amadasu v. Ngati, et al.*, No. 05 Civ. 2585(JFB), 2006 WL 842456, *11, 2006 U.S. Dist. Lexis 19654, at *35–36 (E.D.N.Y. Mar. 27, 2006) (dismissing a Section 349 claim arising out of an attorney-client relationship for failure to state a consumer protection claim) (citing, *inter alia, Exxonmobil Inter–America, Inc. v. Advanced Info. Eng'g Servs., Inc.*, 328 F.Supp.2d 443, 447 (S.D.N.Y.2004)).

The Complaint here is limited to a dispute between the Plaintiffs and the Defendant arising out of the attorney-client relationship, which is essentially contractual in nature. The broader impact on consumers at large is not adequately alleged. For the reasons stated above, the Plaintiffs' claim based on New York General Business Law § 349 is dismissed as a matter of law.

### The Claim for Breach of Fiduciary Duty is Dismissed in Part

■ Although the Kirks have not explicitly asserted a cause of action for legal malpractice, under New York law, claims for legal malpractice and claims for breach of fiduciary duty in the context of attorney liability are coextensive. *Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 10 A.D.3d 267, 780 N.Y.S.2d 593, 596 (N.Y.App.Div.2004); *see also Nordwind v. Rowland*, No. 04 Civ. 9725(AJP), 2007 WL 2962350, *5, 2007 U.S. Dist. LEXIS 75764, at *20 (S.D.N.Y. Oct. 10, 2007) (citations omitted); *Guiles v. Simser*, 35 A.D.3d 1054, 826 N.Y.S.2d 484, 485 (N.Y.App.Div.2006) (treating Plaintiff's cause of action, although labeled as a breach of fiduciary duty, as a claim of legal malpractice). To the extent that the Kirks' claim for breach of fiduciary duty is based upon Heppt's handling of Daniel's case against his former employer before the Honorable Sidney H. Stein, *see Kirk v. Schindler Elevator Corp.*, No. 03 Civ. 8688(SHS), 2004 WL 1933584 (S.D.N.Y. Aug.31, 2004), their claim will be treated as a claim for legal malpractice.

■ A cause of action for legal malpractice poses a question of law which can be determined on a motion to dismiss. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir.2006) (citing *Rosner v. Paley*, 65 N.Y.2d 736, 738, 492 N.Y.S.2d 13, 481 N.E.2d 553 (1985)) (quotation marks omitted). In order to state a claim for legal malpractice under New York law, a plaintiff must adequately allege 1) an attorney-client relationship, and 2) attorney negligence, 3) which is the proximate cause of, 4) actual damages. *Nordwind*, 2007 WL 2962350, **5–6, 2007

U.S. Dist. LEXIS 75764, at *22; *see also Pellegrino v. File*, 291 A.D.2d 60, 738 N.Y.S.2d 320, 323 (N.Y.App.Div.2002), *lv denied*, 98 N.Y.2d 606, 746 N.Y.S.2d 456, 774 N.E.2d 221. Insofar as the Kirks are seeking damages for the value of the claim lost, they must establish the elements of proximate cause and actual damages by "demonstrat[ing] that 'but for' the attorney's conduct the client would have prevailed in the underlying matter or would not have sustained any ascertainable damages." *Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison, LLP*, No. 06 Civ. 14211(GBD), 2007 WL 2219485, *3, 2007 U.S. Dist. LEXIS 56222, at *9 (S.D.N.Y. Aug. 2, 2007) (citing *Fashion Boutique of Short Hills*, 780 N.Y.S.2d at 596). "Notwithstanding counsel's purported negligence, the client must demonstrate his or her own likelihood of success; absent such a showing, counsel's conduct is not the proximate cause of the injury. Nor may speculative damages or conclusory claims of damage be a basis for legal malpractice." *Russo v. Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, LLP*, 301 A.D.2d 63, 67, 750 N.Y.S.2d 277 (N.Y.App. Div.2002) (citing *Pellegrino*, 291 A.D.2d 60, 738 N.Y.S.2d 320,). *See also Morgan, Lewis & Bockius, LLP v. IBuyDigital.com, Inc.*, 2007 N.Y. Slip Op 50149U, at 6 (N.Y.Misc.2007).

 In order to establish negligence in a legal malpractice *case*, a plaintiff must allege that the attorney's conduct " 'fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession.' " *Achtman*, 464 F.3d at 337 § quoting *Grago v. Robertson*, 49 A.D.2d 645, 370 N.Y.S.2d 255 (N.Y.App.Div.1975)). While "an attorney may be held liable for 'ignorance of the rules of practice, failure to comply with conditions precedent to suit, or for his neglect to prosecute or defend an action,' " *Achtman*, 464 F.3d at 337 (quoting *Bernstein v. Oppenheim & Co.*, 160 A.D.2d 428,

554 N.Y.S.2d 487 (N.Y.App.Div.1990)), "[a] complaint that essentially alleges either 'an error in judgment' or a 'selection of one among several reasonable courses of action' fails to state a claim for malpractice," *id.* (quoting *Rosner*, 65 N.Y.2d at 738, 492 N.Y.S.2d 13, 481 N.E.2d 553).

Construing the complaint liberally in Plaintiffs' favor, the Kirks' allegations regarding Heppt's failure to thoroughly investigate Daniel's ERISA plan and exhaust all administrative remedies prior to filing suit may constitute negligence. However, the Kirks have not sufficiently alleged proximate cause to withstand a motion to dismiss. Therefore, their claim for fiduciary duty with regard to these allegations is dismissed, with leave granted to replead.

 Insofar as the Kirks' breach of fiduciary duty claim relates to Heppt's alleged misuse of the retainer and alleged wrongdoing in connection with his hiring of Elizabeth Hill ("Hill"), the claim will stand. To state a claim for breach of fiduciary duty with regard to these allegations, the Kirks are not required to allege causation, but must only allege (1) the existence of a fiduciary relationship and (2) breach of a fiduciary duty. *See Official Comm. of Asbestos Claimants of G–I Holding, Inc. v. Heyman*, 277 B.R. 20, 37 (S.D.N.Y.2002); *see also Schweizer v. Mulvehill*, 93 F.Supp.2d 376, 400 n. 29 (S.D.N.Y.2000) (noting that in order to state a breach of fiduciary duty relating not "to the manner in which [an] attorney pursued the underlying case, but rather the manner in which an attorney interacted with his clients," a plaintiff need not meet the higher standard of loss or proximate causation required to plead a claim of malpractice); *Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker, et al.*, 16 Misc.3d 1051, 843 N.Y.S.2d 749, 757 (N.Y.Sup.2007). The Kirks have suffi-

ciently alleged the existence of a fiduciary relationship and Heppt's breach of his fiduciary duties.

### The Treble Damages Claim Under Judiciary Law § 487 Is Dismissed

█ Under New York Judiciary Law § 487, an injured party can recover treble damages in a civil action against an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party." N.Y. Jud. Law § 487 (Consol.2007).

While there is significant authority for the proposition that Section 487 should be applied only to a chronic and extreme pattern of legal delinquency, see, e.g., Schindler v. Issler & Schrage, P.C., 262 A.D.2d 226, 692 N.Y.S.2d 361, 362–63 (N.Y.App. Div.1999) (citing Wiggin v. Gordon, 115 Misc.2d 1071, 455 N.Y.S.2d 205, 209 (N.Y.City Civ.Ct.1982)), several courts have recently held that "[a] violation of Judiciary Law § 487 may be established either by the defendant's alleged deceit or by an alleged chronic, extreme pattern of legal delinquency by the defendant." Izko Sportswear Co., Inc. v. Flaum, 25 A.D.3d 534, 809 N.Y.S.2d 119, 122 (N.Y.App.Div. 2006) (internal quotation marks and citations omitted). See also Trepel v. Dippold, No. 04 Civ. 8310(DLC), 2005 WL 1107010, *4–5, 2005 U.S. Dist. LEXIS 8541, at *11–12 (S.D.N.Y. May 9, 2005) ("A single act or decision, if sufficiently egregious and accompanied by an intent to deceive, is sufficient to support liability."); Trautenberg, 2007 WL 2219485, **4–5, 2007 U.S. Dist. LEXIS 56222, at *15–16 (noting the "split of authority"). But see Aurora Loan Servs. v. Posner, Posner & Assocs., P.C., 513 F.Supp.2d 18, 21 (S.D.N.Y.2007) ("[A] chronic, extreme pattern of legal delinquency is a necessary condition to a finding of liability under § 487 . . . .").

The acts alleged by the Plaintiffs in the instant case are neither indicative of "chronic and extreme delinquency" nor sufficiently egregious to warrant the award of treble damages under this section. Cf. Brignoli v. Balch, Hardy & Scheinman, Inc., 126 F.R.D. 462 (S.D.N.Y. 1989) (holding that plaintiff's counsel's conduct during discovery, which " 'unreasonably and vexatiously' multiplied proceedings" and warranted the imposition of sanctions under federal law, did not warrant the imposition of treble damages under Section 487). The claim for treble damages under Judiciary Law § 487 is dismissed.

### The Counterclaim for Defamation is Dismissed

█ The Answer with Amended Counterclaims, filed on April 23, 2007, alleges five causes of action: breach of contract based upon the retainer agreement, account stated based on invoices rendered, and three causes of action for defamation based upon letters written by the Plaintiffs to an insurance company which had issued a malpractice policy to Heppt.

█ The Kirks have contended that the absolute privilege afforded to statements made in the course of judicial proceedings require that the defamation claims be dismissed. Under New York law, "statements made by parties and their attorneys in the context of litigation are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation." O'Brien v. Alexander, 898 F.Supp. 162, 171 (S.D.N.Y., 1995) (citing Grasso v. Mathew, 164 A.D.2d 476, 564 N.Y.S.2d 576, 578 (N.Y.App.Div.1991), appeal dismissed, 77 N.Y.2d 940, 569 N.Y.S.2d 613, 572 N.E.2d 54 (1991) (internal quotation marks omitted)). The privilege is broad, and "embraces anything that may possibly or plausibly be relevant or pertinent." Id. However, courts have de-

clined to apply the privilege to statements made to persons with no connection to the judicial proceeding. *See, e.g., Bridge C.A.T. Scan Assocs. v. Ohio–Nuclear Inc.*, 608 F.Supp. 1187 (S.D.N.Y.1985) (declining to extend absolute privilege to statements made by defendant in communication with potential witnesses who were "not yet known to possess information germane to litigation") (citing *Schulman v. Anderson Russell Kill & Olick, P.C.*, 117 Misc.2d 162, 458 N.Y.S.2d 448, 453–54 (N.Y.Sup.Ct. 1982)).

Here, the relevant statements made by the Plaintiffs were delivered to Heppt's malpractice insurance carrier. According to Heppt, the insurance company had disclaimed coverage based upon an alleged failure to notify the carrier of Plaintiffs' claims in a timely manner. The statements at issue can thus be viewed as pertinent to the instant action and are therefore protected by the absolute privilege.

***The Motion to Dismiss the Contract and Account Stated Counterclaim is Denied***

Under New York law, an action for breach of contract requires proof of: (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages. *Rosenblatt v. Christie, Manson & Woods Ltd.*, 195 Fed.Appx. 11, 12 (2d Cir.2006) (citing *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir.1994)).

The counterclaim makes out all the elements of a breach of contract action: an enforceable agreement, performance by Heppt, a breach by the Kirks, and resulting damages. No basis has been established on which to dismiss the breach of contract counterclaim.

In New York, an attorney may recover legal fees under an "account stated." *See LeBoeuf, Lamb, Greene & MacRae, LLP v. Worsham*, 185 F.3d 61, 64 (2d Cir.1999) (citations omitted); *Parker, Chapin, Flattau & Klimpl v. Daelen Corp.*, 59

A.D.2d 375, 399 N.Y.S.2d 222 (N.Y.App. Div.1977). An account stated is "an agreement between the parties to an account based upon prior transactions between them. . . ." *Worsham*, 185 F.3d at 64 (citing *Chisholm–Ryder Co., Inc. v. Sommer & Sommer*, 70 A.D.2d 429, 421 N.Y.S.2d 455, 457 (N.Y.App.Div.1979)). Such an agreement may be express or implied. *Id.*

It is alleged that the Kirks received detailed invoices and that they did not object to these mailed invoices nor were they returned to the sender. These allegations adequately allege an account stated under New York law. *See Worsham*, 185 F.3d at 62 (citations omitted); *Chisholm–Ryder Co.*, 421 N.Y.S.2d at 457–58. *See also O'Connell & Aronowitz v. Gullo*, 229 A.D.2d 637, 644 N.Y.S.2d 870, 871 (N.Y.App.Div.1996) (citations omitted) (noting that an attorney can recover under such cause of action with proof that a bill was issued to a client and held by the client without objection for an unreasonable period of time).

It is also alleged that Plaintiffs made partial payments on their account. Under New York law, such payments can also give rise to an account stated claim. *Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff*, 638 F.Supp. 714, 719 (S.D.N.Y. 1986) (citing *Rosenman Colin Freund Lewis & Cohen v. Edelman*, 160 A.D.2d 626, 559 N.Y.S.2d 249 (N.Y.App.Div.1990)). *See also Shea & Gould v. Burr*, 194 A.D.2d 369, 598 N.Y.S.2d 261 (N.Y.App.Div.1993) (holding that defendant's failure to object to attorney's bill within a reasonable time, especially in light of the fact that defendant made partial payment, gave rise to an account stated). No basis has been established upon which the account stated claim should be dismissed.

***Sanctions Are Inappropriate***

Heppt has sought sanctions against the Kirks under Rule 16(c), Fed.

R.Civ.P., for again raising the allegation that the retainer fee was improperly commingled, given a fee arbitration panel's conclusion to the contrary. Because factual issues are presented as to representations relating to the retainer and Heppt's payments to Hill, and the Kirks are *pro se*, sanctions are not appropriate.

### Conclusion

As set forth above, the motion of Heppt to dismiss certain causes of action is granted in part and denied in part, and the motion of the Kirks to dismiss the Answer and Amended Counterclaims is granted in part and denied in part.

A pretrial order, prepared initially by the Defendant, will be filed by January 31, 2008.