TRUSTEES OF LABORERS UNION LOCAL NO. 1298 OF NASSAU AND SUFFOLK COUNTIES BENEFIT FUNDS, Plaintiff,

v.

A TO E, INC., Defendant.

No. 13-cv-4800 (ADS)(ARL).

United States District Court, E.D. New York.

Signed Dec. 9, 2014.

Barnes, Iaccarino & Shepherd LLP, Hempstead, N.Y. by Danielle Marlene Carney, Esq., Zachary Eagle, Esq., of Counsel, for Plaintiff.

Charles R. Cuneo, Esq., Garden City, NY, for Defendant.

## ORDER

SPATT, District Judge.

On August 26, 2013, the Plaintiff Trustees of Laborers Union Local No. 1298 of Nassau and Suffolk Counties Benefit Funds (the "Plaintiff") commenced this action against the Defendant A to E, Inc. (the "Defendant") under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 and Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3) and 1145 ("ERISA"), to recover monetary damages, plus injunctive and equitable relief. The Plaintiff asserts, among other claims, breach of a collective bargaining agreement ("CBA") entered into between the union and the Defendant and ERISA violations.

On November 23, 2013 the Defendant served its answer.

On August 11, 2014, the Plaintiff served the Defendant with Interrogatories and Document requests, but has yet to receive a response.

On October 30, 2014, the Plaintiff moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 15(a) for leave to file an amended complaint. In this regard, the Plaintiff seeks to add two additional defendants, namely Bryan Novelli d/b/a Thomas Novelli & Sons a/k/a the Novelli Group and Thomas Novelli Contracting Corp. (the "Novelli entities"). According. to the Plaintiff, although the Novelli entities are not signatories to the CBA, they may nonetheless be held liable for the Defendant's liabilities under an alter ego or single employer theory.

The Federal Rules of Civil Procedure allow a party to amend its pleading once as a matter of course within 21 days of serving it. Fed.R.Civ.P. 15(a)(1). After 21 days have elapsed, the party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.2007). However, leave should not be granted where the amendment is unduly delayed or brought

438

in bad faith, or where it would prejudice the opposing party, or where it would be futile. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Here, the Defendant essentially argues that leave to amend should not be granted because the claims as asserted against the Novelli entities would be futile. "A proposed amendment to a pleading is deemed to be futile if the amended pleading fails to state a claim" pursuant to Rule 12(b)(6). *Kirk v. Heppt,* 423 F.Supp.2d 147, 149 (S.D.N.Y.2006) (citing *Oneida Indian Nation of New York v. City of Sherrill,* 337 F.3d 139, 168 (2d Cir.2003)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In considering a motion to dismiss, the Court is required to construe the factual allegations contained in the Complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) ("We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor.")(internal quotation marks omitted); *Gonzalez v. Caballero,* 572 F.Supp.2d 463, 466 (S.D.N.Y.2008) (same).

Moreover, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.,* 199 F.3d 99, 107 (2d Cir.1999) (internal quota-

tion marks omitted); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir.2007) (noting that the court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit")(citing *Rothman v. Gregor,* 220 F.3d 81, 88 (2d Cir. 2000)).

Initially, the Courts notes that it may not consider the documents the Plaintiff attached in support of its motion to amend, even if, as the Defendant argues, they undermine the Plaintiff's theory of alter ego or single employer liability. *See Snoussi v. Bivona,* No. 05 CV 3133(RJD)(LB), 2010 WL 3924255, at *9 (E.D.N.Y. Feb. 17, 2010) ("generally the Court does not consider matters outside the pleadings on a motion to amend."), *report and recommendation adopted,* No. 05 CV 03133(RJD)(LB), 2010 WL 3924683 (E.D.N.Y. Sept. 29, 2010).

Turning to the merits of the motion to amend, the Court notes that "[t]he single employer and alter ego doctrines are 'conceptually distinct.'" *Ferrara v. Smithtown Trucking Co.,* 29 F.Supp.3d 274, 283 (E.D.N.Y.2014) (citations omitted).

As the Second Circuit has explained, "[t]he purpose of the alter ego doctrine in the ERISA context is to prevent an employer from evading its obligations under the labor laws 'through a sham transaction or technical change in operations.'" *Ret. Plan of UNITE HERE Nat'l Ret. Fund v. Kombassan Holding A.S.,* 629 F.3d 282, 285 (2d Cir.2010) (quoting *Newspaper Guild of N.Y., Local No. 3 of the Newspaper Guild, AFL–CIO v. NLRB,* 261 F.3d 291, 298 (2d Cir.2001)).

Specifically, "ERISA was enacted to promote the interests of employees and their beneficiaries in employee benefit plans and to protect contractually defined benefits." *Id.* (quoting *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383, 388 (2d Cir.1989)). Thus, "[t]o protect employee benefits, courts observe 'a general federal policy of piercing the corporate veil when necessary.'" *Id.* (quoting *N.Y. State Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 647 (2d Cir.2005)).

■ According to the Second Circuit, "the test of alter ego status is flexible," allowing courts to "weigh the circumstances of the individual case," while recognizing that the following factors are important: "whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership." *Id.* (quoting *Goodman Piping Prods., Inc. v. NLRB*, 741 F.2d 10, 11 (2d Cir.1984)). Courts also typically look to the following factors: "(1) the absence of the formalities which are part and parcel of normal corporate existence, i.e., the issuance of stock, the election of directors, the keeping of corporate records, etc., (2) inadequate capitalization, (3) personal use of corporate funds, and (4) the perpetration of fraud by means of the corporate vehicle." *Ferrara v. Oakfield Leasing Inc.*, 904 F.Supp.2d 249, 260 (E.D.N.Y.2012) (citation and internal quotation marks omitted).

Of particular note, "courts routinely dismiss alter ego claims pursuant to Fed. R.Civ.P. 12(b)(6)." *Key Items, Inc. v. Ultima Diamonds, Inc.*, No. 09 CIV 3729(HBP), 2010 WL 3291582, at *10 (S.D.N.Y. Aug. 17, 2010); *see e.g., Two Kids From Queens, Inc. v. J & S Kidswear, Inc.*, 09–3690(DRH)(AKT), 2010 WL 475319 at *3 (E.D.N.Y. Feb. 8, 2010); *White v. Nat'l Home Prot., Inc.*, 09 Civ.

4070(SHS), 2010 WL 1706195 at *4–*5 (S.D.N.Y. Apr. 21, 2010); *Koninklijke Philips Elecs. N.V. v. The ADS Group*, 694 F.Supp.2d 246, 252 (S.D.N.Y.2010).

■ Under the single employer doctrine, separate companies will be jointly and severally liable under a collective bargaining agreement signed by the other if they are part of a "single integrated enterprise." *Lihli Fashions Corp., Inc. v. N.L.R.B.*, 80 F.3d 743, 747–48 (2d Cir. 1996) (holding that the status of two companies as a single employer "is enough to hold them jointly and severally liable for each other's debts and obligations, including financial obligations under [a] collective bargaining agreement," even if the non-signatory may not be bound by the agreement); *Ferrara v. Oakfield Leasing Inc.*, 904 F.Supp.2d at 260 ("Under the single employer doctrine, two nominally distinct enterprises will be joint and severally liable under the CBA signed by only one when the two act as a 'single integrated enterprise.'"); *Labarbera v. Cretty Enters., Inc.*, Nos. 03 Civ. 6112, 04 Civ. 5178(DRH)(ARL), 2007 WL 4232765, at *5 (E.D.N.Y. Nov. 28, 2007) (same).

■ The factors to be considered in determining whether separate entities act as a single integrated enterprise are the "interrelationship of operations, common management, centralized control of labor relations and common ownership," as well as "the use of common office facilities and equipment and family connections between or among the various enterprises." *Lihli*, 80 F.3d at 747 (citing *Radio & Television Broad. Tech. Local Union 1264 v. Broad. Serv. of Mobile, Inc.*, 380 U.S. 255, 256, 85 S.Ct. 876, 13 L.Ed.2d 789 (1965) (per curiam); *Three Sisters Sportswear Co.*, 312 NLRB 853, 1993 WL 398465, at *15 (N.L.R.B. Sept. 30, 1993); *Goodman Investment Co.*, 292 NLRB 340, 1989 WL 223774, at *10–11 (N.L.R.B. Jan. 17,

1989)). "[N]ot every factor need be present, and no one particular factor is controlling." *Id.* " 'Ultimately, single employer status depends on all the circumstances of the case and is characterized by [the] absence of an 'arm's length relationship found among unintegrated companies.' ' " *Id.* (quoting *NLRB v. Al Bryant, Inc.,* 711 F.2d 543, 551 (3d Cir.1983)).

In this case, the proposed amended complaint closely tracks the factors courts consider when applying the alter ego and single employer doctrines. In particular, the Plaintiff alleges that the Defendant and the Novelli entities "have common ownership, common principals, failed to follow corporate formalities, common officers, directors and management, share assets/financing, similar line of business and customers, common equipment and employees, and have centralized control of labor relations, and perform work within the trade and geographical jurisdiction of [the] plaintiffs' Union." (Proposed Amended Compl., at ¶ 23.). Also, it is alleged that the Defendant "aided [ ] Novelli in evading its contractual obligations to [the Plaintiff] ... [and] by performing work within the trade and geographical jurisdictions of the Union without conforming to the terms of the C.B.A." (*Id.* at ¶ 24.). The Plaintiff also alleges that Novelli qualifies as an "alter ego of [the Defendant]" and is, therefore, bound by the terms of the CBA. (*id.* at ¶ 25.) and that the "the Defendant and Bryon Novelli have business operations [that] are interrelated and the defendants have common management and common ownership" and are, therefore, "a single Employer." (*Id.* at ¶¶ 46–47.)

The Court finds that the relevant allegations, taken as true, state a plausible claim that the Novelli entities are alter egos of the Defendant or that the Novelli entities and the Defendant constitute a single employer. *Trustees of the Mosaic & Terrazzo Welfare Pension, Annuity, & Vacation Funds v. Cont'l Floors, Inc.,* No. 13–CV– 1739 (ILG)(SMG), 2013 WL 5637492, at *6 (E.D.N.Y. Oct. 15, 2013). In *Continental Floors, Inc.,* the court, after conducting an in-depth review of other district court decisions considering *Iqbal* and *Twombly* in the alter ego/single employer context, found nearly identical allegations to state a plausible claim for relief under the alter ego and single employer doctrines. *Id.* (denying motion to dismiss because "[t]he weight of authority compels the conclusion that the allegations in the Complaint, although lean, are sufficient to state a plausible claim")(citing *Trustees of the Hollow Metal Trust Fund v. FHA Firedoor Corp.,* No. 12–CV–7069 (PAC), 2013 WL 1809673 (S.D.N.Y. Apr. 30, 2013) (denying motion to dismiss where plaintiffs "summarily pleaded each of" the factors of the alter ego test)); *see also Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor–Mgmt. Cooperation, Pension & Welfare Funds v. Dykeman Carpentry, Inc.,* No. 13–CV–1508 (JS)(ARL), 2014 WL 976822, at *4 (E.D.N.Y. Mar. 12, 2014) (citing *Cont'l Floors, Inc.*); *compare Fried v. LVI Servs., Inc.,* No. 10 CIV. 9308(JSR), 2011 WL 2119748, at *5 (S.D.N.Y. May 23, 2011) (a litigant "must do more than simply state legal conclusions and recite the elements of the 'single employer' standard to survive a motion to dismiss.").

In addition, the fact that some of the allegations are made "upon information and belief" does not render them implausible. *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir.2010) (holding that "*Twombly* plausibility standard ... does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant")(internal quotations marks and citation omitted).

To be sure, the relevant allegations as related to alter ego and single employer liability are somewhat sparse. *Compare Ferrara v. Smithtown Trucking Co.*, 29 F.Supp.3d 274, 284–85 (E.D.N.Y.2014) (finding that alter ego theory of liability was not futile when complaint included "extensive" allegations about the commonality of management; supervision and ownership; shared operations, equipment, and customers). However, Rule 8(a)(2) only requires that a complaint contain a "short and plain statement of the claim" showing that the Plaintiff is entitled to relief. It is well settled that " 'detailed factual allegations' are not required." *Cont'l Floors, Inc.*, 2013 WL 5637492, at *7 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). The proposed amended complaint gives the Novelli entities " 'fair notice of what the claim is and the grounds upon which it rests'...." *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

Accordingly, the finds that the proposed amended complaint would not be futile. For this reason, the Plaintiff's motion to amend the complaint is granted. The Plaintiff has thirty (30) days from the date of this Order to serve the amended complaint on the Novelli entities, along with a summons and a copy of this Order, and to file proof of service with the Court.

**SO ORDERED.**