■ Won Teh Hwang, Appellant, v Rich S. Bierman, Respondent. [614 NYS2d 51] —In a legal malpractice action, the plaintiff appeals from an order of the Supreme Court, Queens County (Posner, J.), dated April 14, 1992, which denied his motion for summary judgment and granted the defendant's motion for summary judgment dismissing the complaint.

Ordered the order is affirmed, with costs.

In 1988, the defendant was retained by the appellant to defend him in an action brought by Dunkin' Donuts, Incorporated (hereinafter Dunkin' Donuts) for an alleged breach of their agreement. Dunkin' Donuts moved for summary judgment, and the Supreme Court granted the motion over the appellant's opposition. The appellant then discharged his attorney. Thereafter, this Court reversed the order granting summary judgment to Dunkin' Donuts (see, Dunkin' Donuts v HWT Assocs., 157 AD2d 770). The appellant's counterclaims and defenses in the underlying action were subsequently dismissed (see, Dunkin' Donuts v HWT Assocs., supra, at 770).

The instant action to recover damages for legal malpractice was commenced in November 1990. The appellant contended that he had been damaged by the alleged negligence of his attorney in the handling of his defense in the underlying Dunkin' Donuts suit. These contentions are without merit. In order to recover damages for malpractice, it must be established that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community (see, Logalbo v Plishkin, Rubano & Baum, 163 AD2d 511). It must also be established that the attorney's negligence was a proximate cause of the loss sustained, and that the plaintiff incurred damages as a direct result of the attorney's actions (see, Luniewski v Zeitlin, 188 AD2d 642; Marshall v Nacht, 172 AD2d 727).

Here, the appellant did not establish that the attorney failed to exercise the degree of skill and care commonly possessed by a member of the legal community. The attorney set forth reasonable defenses in opposition to the original summary judgment motion in the underlying action. Even where there may be several alternatives, the selection of one of many reasonable defenses does not constitute malpractice (see, Rosner v Paley, 65 NY2d 736). Further, the appellant failed to demonstrate that the attorney's actions were a proximate cause of the loss, nor has he shown any damages. Sullivan, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.