(December 7, 1995)

■ JOSEPH GALL et al., Respondents, v SUMMIT, ROVINS AND FELDESMAN et al., Appellants. [635 NYS2d 17] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 28, 1994, which, *inter alia*, denied defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, and the motion to dismiss granted, with costs. Appeal from order, same court and Justice, entered May 1, 1995, which, *inter alia*, denied defendants' cross motion seeking to preclude plaintiffs from giving evidence at trial regarding items in the bill of particulars, unanimously

dismissed as academic in light of dismissal of the complaint, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint, with costs.

The verified complaint is devoid of factual allegations which sufficiently demonstrate a causal relationship between purported conduct on the part of defendants and damages suffered by plaintiff. This being true, each of the five causes of action asserted therein must fail (*see, Foley v D'Agostino*, 21 AD2d 60).

The cause of action for legal malpractice fails to allege specific facts to show that defendants acted negligently in the provision of legal representation (*Robinson v Jacoby & Meyers*, 167 AD2d 134), but rather contains only repetitive conclusory allegations. For example, the complaint alleges that defendants had failed to ascertain "[f]acts sufficient to satisfy each element" of the Racketeer Influenced and Corrupt Organizations Act (RICO) claims in the underlying action, but does not suggest what those facts are or how they would have avoided the Federal court's dismissal of the RICO action. Nor did plaintiffs provide any basis for granting leave to replead this cause of action (CPLR 3211 [e]), or request such relief before the IAS Court.

Similarly, the causes of action for alleged breach of contract, fraud, breach of fiduciary duty, and rescission were insufficiently pleaded. This failing is most pointed with regard to the fraud and breach of fiduciary duty causes of action where a detailed factual pleading is statutorily required by CPLR 3016 (b) (*Levine Corp. v Gimbel Accessories*, 41 AD2d 637, 638). The insufficient pleading of those causes of action necessarily dooms the rescission cause of action as well since, in this instance, it is predicated upon the viable assertion of at least one of those claims (*see, Babylon Assocs. v County of Suffolk*, 101 AD2d 207, 215; *Callanan v Keeseville, Ausable Chasm & Lake Champlain R. R. Co.*, 199 NY 268, 284). Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.