■ TED POLEY, Appellant, v SONY MUSIC ENTERTAINMENT, INC., Respondent, et al., Defendants. [636 NYS2d 10] —Judgment,

Supreme Court, New York County (Ira Gammerman, J.), entered March 1, 1995, dismissing the complaint as against defendant-respondent and bringing up for review prior orders, same court and Justice, entered on or about September 12, 1994 and on or about February 14, 1995, which, insofar as appealed from, denied plaintiff's motion for a preliminary injunction against defendant-respondent releasing a music album recorded by the individual defendants, and granted defendant-respondent's motion to dismiss the complaint, unanimously affirmed, without costs.

The partnership agreement between plaintiff and his fellow band members clearly evinces the partners' intent to divest themselves of their rights under the recording contract with defendant record company and to transfer those rights to the partnership. Thus, plaintiff lacks standing to prosecute a claim for breach of the recording contract in his individual capacity. Plaintiff also clearly fits within the "leaving member" provision in the record contract, under which defendant was authorized to replace his voice on the band's third album when the other members of the band indicated that they no longer wanted to perform with him. Plaintiff's contention that his facially invalid causes of action for an accounting of royalties make out a claim of breach of contract to pay royalties, and, as such, should not have been dismissed, is improperly raised for the first time on appeal, and in any event without merit. " 'Liberality in pleading' is stretched too far when it is deemed permissible to plead one claim and then substitute for it an entirely different one" (*New York Auction Co. v Belt*, 53 AD2d 540, *appeal dismissed* 49 NY2d 890). Similarly without merit is plaintiff's contention that the court should not have dismissed his facially invalid claim that the entire record contract was unconscionable (*see, Super Glue Corp. v Avis Rent A Car Sys.*, 132 AD2d 604, 606) and instead should have deemed it as merely resisting enforcement of an unconscionable provision. We have considered plaintiff's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach and Rubin, JJ.