■ ESTATE OF HERMAN J. STEINBERG, Deceased, Appellant, v JAMES M. HARMON et al., Respondents. [686 NYS2d 423] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered April 3, 1998, which, in an action for legal malpractice and violation of Judiciary Law § 487, granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff cannot state a cause of action for legal malpractice based solely on defendant's disqualification for an alleged conflict of interest in a separate litigation (*see, Lavanant v General Acc. Ins. Co.*, 212 AD2d 450; *Mills v Pappas*, 174 AD2d 780, 782, *lv denied* 78 NY2d 1121, *cert denied* 504 US 971). Plaintiff does not show any damages attributable to defendant's alleged ethical breach, other than the attorney's fees it incurred in litigating defendant's disqualification, the first application for which was denied. In any event, as the motion court noted, the request for fees, if recoverable, should have been raised in the proceeding in which the disqualification occurred. Nor does plaintiff allege facts showing " 'a chronic, extreme pattern of legal delinquency' " such as would support a cause of action under Judiciary Law § 487 (*Gonzalez v Gordon*, 233 AD2d 191, *lv denied* 90 NY2d 802). Concur—Ellerin, P. J., Rubin, Mazzarelli and Saxe, JJ.