■ STEPHANNIE DONALDSON, Appellant-Respondent, v ANTHONY S. BOTTAR et al., Respondents-Appellants. (Appeal No. 1.) [715 NYS2d 168] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied that part of plaintiff's motion seeking partial summary judgment on the legal malpractice cause of action. Plaintiff failed to submit evidence in admissible form establishing that, but for defendants' negligence, she would have been successful in the underlying action (*see, Campcore, Inc. v Mathews,* 261 AD2d 870, 871, *lv*

*denied* 93 NY2d 814, *rearg denied* 94 NY2d 839). Specifically, plaintiff failed to establish as a matter of law that the bus accident was the proximate cause of her herniated disc for which she sought damages.

The court also properly denied plaintiff's motion to renew the prior motion. Although the court erroneously identified the affidavit of plaintiff's surgeon rather than the affidavit of plaintiff as the new evidence plaintiff was seeking to admit, we nevertheless conclude that plaintiff failed to provide an adequate excuse for her failure to submit her affidavit upon the original motion (*see, Foley v Roche*, 68 AD2d 558, 568).

Finally, the court properly denied that part of plaintiff's motion seeking partial summary judgment on the cause of action pursuant to Judiciary Law § 487 and, upon searching the record, granted summary judgment to defendants on that cause of action (*see,* CPLR 3212 [b]). The allegations of deceit, viewed in the light most favorable to plaintiff, fail to establish as a matter of law that defendants engaged in "a 'chronic, extreme pattern of legal delinquency'" (*Schindler v Issler & Schrage,* 262 AD2d 226, 228, *lv dismissed* 94 NY2d 791, *rearg denied* 94 NY2d 859, quoting *Wiggin v Gordon,* 115 Misc 2d 1071, 1077). (Appeals from Order of Supreme Court, Onondaga County, McCarthy, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.