[738 NYS2d 320]

WENDY PELLEGRINO et al., Respondents, v HOWARD M. FILE et al., Defendants, and MARTIN RUBENSTEIN, Appellant.

First Department, February 21, 2002

**APPEARANCES OF COUNSEL**

*Thomas J. Cirone* of counsel (*Siller Wilk LLP*, attorneys), for respondents.

*Martin Rubenstein*, appellant pro se.

**OPINION OF THE COURT**

Tom, J.

This legal malpractice action arises from a medical malpractice action which was neglected by defendant law firm and dismissed when counsel failed to comply with several court orders. Defendant-appellant Martin Rubenstein is a member of the law firm, but did not join the firm until after the dismissal of plaintiffs' medical malpractice action. The issue under review is whether Rubenstein's postdismissal conduct, though possibly constituting a failure of diligence in the attorney-client relationship, would also constitute legal malpractice and would support related tort and contract claims.

Plaintiff Wendy Pellegrino alleged improper surgical treatment occurring in 1994 and 1996 by various New York City and Westchester medical professionals that led to scarring and other injuries and ultimately to painful corrective surgery. In May 1997, plaintiff and her husband, coplaintiff Robert Pellegrino, retained defendants Howard M. File and Howard M. File, P.C., to represent them in connection with claims arising from the allegedly improper surgery. The matter apparently was assigned to defendant James Wolfe, an associate at the File firm. In December 1997, a medical malpractice action was commenced. In March 1998, plaintiffs were directed by court order to comply with outstanding discovery before June 25, 1998. Defendant law firm failed to do so, and failed to provide outstanding discovery until the eve of a December 9, 1998 compliance conference. In the interim, the medical malpractice defendants moved to dismiss plaintiffs' complaint on this basis. Although the motion court denied the motion by order dated December 16, 1998, it directed that specified discovery must be provided within 10 days, and scheduled a final certification conference for March 15, 1999, at which time all discovery was to be completed. The law firm failed to appear for the scheduled final certification conference, or for a rescheduled March 17, 1999 conference, despite the court's warning regarding dismissal, and failed to produce the discovery. By order dated April 21, 1999, the court dismissed the action. The firm immediately moved to vacate, on April 29, 1999. The motion's return date was May 14, 1999.

Meanwhile, defendant Wolfe resigned from the firm on March 31, 1999, and defendant-appellant Rubenstein became affiliated with the firm on an of-counsel basis on May 10, 1999.

Rubenstein was assigned the Pellegrino matter on May 13, 1999. The motion to vacate had already been prepared by defendant File. File generally argued in the motion that discovery had been provided, that he was actually engaged on trial in Richmond County on April 21, 1999 and that he had faxed notification of such to the court and to his adversaries prior to that date, and that after Wolfe's departure he had no one else who was knowledgeable about the case to make the appearance. Rubenstein prepared the subsequent reply papers to the motion. Rubenstein's reply papers asserted law office failure and that the affidavit of merit signed by plaintiff was attached.

On the very day he was assigned to the case, Rubenstein met with Wendy Pellegrino in his office, where he proffered to her the affidavit of merit needed for the motion to vacate the dismissal. Plaintiffs contend that they were never advised that the affidavit was to be submitted in connection with a motion to vacate. Plaintiff Wendy Pellegrino alleged that Rubenstein stated to her that she needed to sign the affidavit insofar as he was now handling the case. She further averred therein that Rubenstein had never informed her that the medical malpractice action had been dismissed and that the firm was appealing the dismissal. She contends that if she had known those facts, she would have fired the firm and hired new counsel. Rubenstein's failure to so advise her is necessarily the core of the malpractice claim against him.

By order dated May 19, 1999, plaintiffs' motion to vacate the dismissal was denied. The Second Department affirmed in March 2000 (*Pellegrino v Salzberg*, 270 AD2d 470, *lv dismissed* 95 NY2d 825). Plaintiffs later learned of the dismissal of the complaint and commenced the present legal malpractice action, including related contract and tort claims, against the File law firm, Wolfe and Rubenstein.

Defendant Rubenstein moved to dismiss the complaint as against him and for monetary sanctions against plaintiffs' counsel. He contended that he had not joined the File firm until May 10, 1999, 19 days after the medical malpractice action was dismissed, and that he had no involvement with the alleged legal malpractice which resulted in the dismissal of plaintiffs' action.

The motion court denied Rubenstein's motion. The court ruled that plaintiffs' complaint adequately stated a cause of action against Rubenstein for legal malpractice, fraud, breach of contract and attorney misconduct pursuant to Judiciary Law § 487, arising from Rubenstein's failure to advise plaintiffs of

the dismissal of their action and of the motion to vacate and subsequent appeal which were made on their behalf. Rubenstein appeals.

An action for legal malpractice requires proof of the attorney's negligence, a showing that the negligence was the proximate cause of the plaintiff's loss or injury, and evidence of actual damages (*Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood*, 170 AD2d 108, 114, *affd* 80 NY2d 377; *Franklin v Winard*, 199 AD2d 220). In order to survive dismissal, the complaint must show that but for counsel's alleged malpractice, the plaintiff would not have sustained some actual ascertainable damages (*Franklin v Winard, supra*; *Stroock & Stroock & Lavan v Beltramini*, 157 AD2d 590, 591; *Kozmol v Law Firm of Allen L. Rothenberg*, 241 AD2d 484), so that a failure to establish proximate cause requires dismissal (*Won Teh Hwang v Bierman*, 206 AD2d 360) regardless whether negligence is established (*Kozmol, supra*). Even if counsel improperly advises the client, the advice is not the proximate cause of the harm if the client cannot demonstrate its own likelihood of success absent such advice (*Hill v Fisher & Fisher*, 203 AD2d 328; *Parmisani v Grasso*, 218 AD2d 870 [counsel's failure to timely file not malpractice if plaintiff cannot establish liability threshold]). Moreover, speculative damages cannot be a basis for legal malpractice (*Levine v Lacher & Lovell-Taylor*, 256 AD2d 147; *Price v Herstic*, 240 AD2d 151). Conclusory allegations of damages also are insufficient (*Lauer v Rapp*, 190 AD2d 778). Rather, as we have previously noted when a frustrated litigant complained of counsel's omissions, "[p]laintiff's remedy relies on prima facie proof that she would have succeeded * * *" (*Price, supra* at 152).

In this appeal, we examine only a narrow aspect of the broader malpractice case, Rubenstein's alleged negligence. As noted, Rubenstein logically cannot be held accountable for conduct by the law firm predating his own affiliation with the firm and with which he had no involvement (*Glantz v Rosenberg*, 220 AD2d 719, *lv denied* 87 NY2d 808), so that we apply the malpractice standards only to his conduct on the day he was assigned to the case. Plaintiffs' complaint as to his conduct at that time is an alleged omission—his failure to apprise them of the status of their case. Their harm, that their medical malpractice case had been dismissed, was already existing. Plaintiff claims that had she known on May 13, 1999, during her meeting with Rubenstein, that her case had been dismissed, she would have fired the File firm and retained new counsel.

Plaintiff believed that if given the opportunity, a motion to vacate the dismissal by another firm would have been successful. But another firm would not have added any material facts to the argument in support of vacatur; all helpful facts which were within the exclusive knowledge of the File firm were already fully in play. The surmise, that a disappointed plaintiff could persuade a judge to reinstitute a case just by the expedient of switching counsel, is highly speculative. That the motion to vacate was unsuccessful was attributable to factors other than Rubenstein's representation (*Sherwood Group v Dornbush, Mensch, Mandelstam & Silverman*, 191 AD2d 292). Hence, plaintiffs' allegations do not, on their face, establish that but for Rubenstein's conduct they would not have sustained the actual ascertainable harm (*Franklin v Winard, supra*) of the court declining to vacate its own order of dismissal. Rubenstein's alleged omission, as pleaded, did not proximately cause this harm. Finally, conclusory damages (*Lauer, supra*) or injuries predicated on speculation cannot suffice for a malpractice claim (*Levine, supra*). The legal malpractice claim as to him must be dismissed.

The remaining claims also require dismissal as against Rubenstein. The cause of action sounding in breach of contract is redundant to the malpractice claim (*Levine v Lacher & Lovell-Taylor, supra*; *Senise v Mackasek*, 227 AD2d 184). The detailed pleading requirements for fraud were not satisfied (*Gall v Summit, Rovins & Feldesman*, 222 AD2d 225, *lv dismissed* 88 NY2d 919; *Mecca v Shang*, 258 AD2d 569, *lv dismissed* 95 NY2d 791). The Judiciary Law § 487 claim does not allege the requisite pattern of wrongdoing or deceit necessary to sustain that claim (*Mecca v Shang, supra*; *Donaldson v Bottar*, 275 AD2d 897, *lv dismissed* 95 NY2d 959; *Estate of Steinberg v Harmon*, 259 AD2d 318; *Gonzalez v Gordon*, 233 AD2d 191, *lv denied* 90 NY2d 802).

Accordingly, the order of Supreme Court, New York County (Franklin Weissberg, J.), entered January 8, 2001, insofar as it denied defendant-appellant's motion to dismiss the complaint as against him pursuant to CPLR 3211 (a) (7), should be reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against him.

Motion seeking to stay trial denied as moot.

NARDELLI, J.P., MAZZARELLI, ELLERIN and LERNER, JJ., concur.

Order, Supreme Court, New York County, entered January 8, 2001, reversed, on the law, without costs, and defendant-

appellant's motion to dismiss the complaint granted. Motion seeking to stay trial denied as moot.