■ ANTHONY MEOLA et al., Appellants, v METRO DEMOLITION CONTRACTING CORP. et al., Respondents. [765 NYS2d 791] —Order, Supreme Court, New York County (Shirley Kornreich, J.), entered April 26, 2002, which granted the motion and cross motion of defendants Metro Demolition Contracting Corp. and NTX Construction Corp., respectively, for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Anthony Meola, an electrician, successfully crossed a field of demolition-related debris to perform electrical work, but upon returning through the same area he was injured when he tripped and fell on some of the debris. The court properly granted summary judgment in favor of defendants since plaintiffs, in response to defendants' prima facie showing of entitlement to judgment as a matter of law, failed to raise a triable issue of fact as to whether defendants supervised the injured plaintiff's work or had notice of the injury-causing condition (*see Marin v San Martin Rest.*, 287 AD2d 441 [2001]; *see also Wint v Fulton St. Art Gallery*, 263 AD2d 541 [1999]). Moreover, the affirmation of plaintiffs' counsel, who has no personal knowledge of the facts, was insufficient to raise a factual issue to rebut defendants' prima facie showing (*see e.g. Negron v Helmsley Spear*, 280 AD2d 305 [2001]).

There is no duty to warn against a condition that is readily observable (*Tagle v Jakob*, 97 NY2d 165, 169-170 [2001]; *Pepic*

*v Joco Realty*, 216 AD2d 95 [1995]; *Serrano v New York City Hous. Auth.*, 268 AD2d 230 [2000]), although "the open and obvious nature of an allegedly dangerous condition does not, standing alone, necessarily obviate a landowner's duty to maintain his or her property in a reasonably safe condition" (*MacDonald v City of Schenectady*, 308 AD2d 125, 127 [2003]). Plaintiffs failed to raise a question of fact as to whether the condition was created by defendants, or resulted from their failure to maintain the property in a reasonably safe condition.

Plaintiffs failed to plead a cause of action pursuant to Labor Law § 241 (6), and they did not move for leave to amend their complaint to reflect such a claim (*see* CPLR 3025 [b]). In any event, there is no factual support for such a claim (*compare Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998]).

We have considered plaintiffs' remaining contentions and find them to be unavailing. Concur—Saxe, J.P., Rosenberger, Friedman and Marlow, JJ.