David Jaroslawicz, Appellant, v Jack L. Cohen et al., Respondents, et al., Defendants. [783 NYS2d 467]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered August 27, 2003, which, inter alia, granted motions seeking dismissal of the second through seventh causes of action, unanimously affirmed, with costs.

Plaintiff's three causes of action for abuse of process were properly dismissed because he failed to plead special damages with sufficient particularity (*see Vigoda v DCA Prods. Plus*, 293 AD2d 265, 266 [2002]) or a cognizable actual damage claim (*see City Sts. Realty Corp. v Resner*, 174 AD2d 408, 409 [1991]) and because he failed to plead lack of justification (*see Board of Educ. v Farmingdale Classroom Teachers Assn.*, 38 NY2d 397, 403 [1975]). The cause of action for statutory treble damages under Judiciary Law § 487 was properly dismissed because there is no pleading that defendants acted with "intent to deceive the

court or any party" (*see* Judiciary Law § 487 [1]), and no pleading of a pattern of delinquent, wrongful or deceitful behavior by the attorney defendants, or of pecuniary damages resulting from the alleged wrong (*see Havell v Islam*, 292 AD2d 210 [2002]; *Pellegrino v File*, 291 AD2d 60, 64 [2002], *lv denied* 98 NY2d 606 [2002]; *Estate of Steinberg v Harmon*, 259 AD2d 318 [1999]). We decline to entertain plaintiff's attempt on appeal to assert for the first time the unpleaded claim of invasion of privacy under New Jersey law (*see Poley v Sony Music Entertainment*, 222 AD2d 308 [1995]). Were we to consider the claim, we would find it wanting since, inter alia, plaintiff has not set forth its required elements (*see Rumbauskas v Cantor*, 138 NJ 173, 649 A2d 853 [1994]; *Romaine v Kallinger*, 109 NJ 282, 537 A2d 284 [1988]; *Dzwonar v McDevitt*, 348 NJ Super 164, 791 A2d 1020 [2002], *affd* 177 NJ 451, 828 A2d 893 [2003]). Concur—Nardelli, J.P., Andrias, Sullivan, Williams and Friedman, JJ.