Order, Supreme Court, New York County (Carol R. Edmead, *438 J.), entered March 3, 2011, which, to the extent appealed from as limited by the briefs, denied so much of defendants’ motion for summary judgment as sought to dismiss the first, second, third and sixth causes of action, granted the motion as to the claim for damages based on emotional suffering, and denied plaintiffs cross motion for summary judgment as to liability, unanimously modified, on the law, to grant defendants’ motion as to the first and second causes of action, and otherwise affirmed, without costs. Order, same court and Justice, entered June 20, 2011, which denied plaintiffs cross motion to amend the complaint to add a cause of action under Judiciary Law § 487, and, upon defendants’ motion for reargument of their summary judgment motion, adhered to the original determination, unanimously affirmed as to plaintiffs motion, and the appeal therefrom otherwise dismissed, without costs, as academic in light of the foregoing.
The first cause of action, which alleges legal malpractice based on negligent delay, must be dismissed because plaintiff failed to raise an issue of fact in opposition to defendants’ prima facie showing that his alleged loss and injury were not proximately caused by any of their acts or omissions (see G & M Realty, L.P. v Masyr, 96 AD3d 689 [1st Dept 2012]; Pellegrino v File, 291 AD2d 60, 63 [1st Dept 2002], lv denied 98 NY2d 606 [2002]). The record shows that defendants assisted plaintiff and his then wife in effectuating an uncontested divorce and that any harmful delays in the prosecution of the divorce were caused by the couple’s indecision and inconsistence and plaintiffs conduct. After the marital stipulation they executed was rejected by the court clerk, the wife volunteered to re-execute it but plaintiff instructed her not to do so. Several months later, she changed her mind about the stipulation, after learning that plaintiff allegedly was seeing another woman and was “manipulating” his income downward and secreting assets. Thus, the record demonstrates that it was not defendants’ alleged negligence but plaintiffs own actions that caused his wife to abandon the original amicable agreement, whose terms plaintiff contends were more favorable to him than the terms of the settlement agreement on which the divorce judgment was entered.
The second cause of action alleges malpractice based on conflict of interest. The record contains no evidence that any conflict of interest proximately caused plaintiff to suffer any of the harm he alleges (see Schafrann v N.V. Famka, Inc., 14 AD3d 363 [1st Dept 2005]; Estate of Steinberg v Harmon, 259 AD2d 318 [1st Dept 1999]).
The third cause of action alleges legal malpractice based on *439 defendants’ negligent failure to advise plaintiff of the ramifications of jointly purchasing a townhouse with his wife in the absence of a settlement agreement. Although, as the motion court found, this may prove to be a feigned issue in light of plaintiffs conceded expertise in real estate and the evidence that he was consulting with other counsel as to divorce at the time, nevertheless an issue of fact exists whether defendants’ alleged negligence proximately caused plaintiff harm.
The sixth cause of action merely alleges plaintiffs entitlement to damages arising from professional negligence.
As to plaintiffs request for damages for emotional suffering, “nonpecuniary damages . . . are not available in an action for attorney malpractice” (Dombrowski v Bulson, 19 NY3d 347, 349 [2012]).
The court correctly denied plaintiff’s motion for leave to amend the complaint to include a cause of action under Judiciary Law § 487, since there is nothing in the record that shows that defendants engaged in “a chronic, extreme pattern of legal delinquency” (see Estate of Steinberg v Harmon, 259 AD2d 318, 318 [1st Dept 1999] [internal quotation marks omitted]). Concur — Mazzarelli, J.P., Friedman, Catterson, Renwick and Freedman, JJ.