Orders, Supreme Court, New York County (Cynthia S. Kern, J-), entered April 17, 2012, which granted defendant’s motion for summary judgment dismissing the complaint, and denied plaintiff’s motion to strike defendant’s answer pursuant to CPLR 3126 or, in the alternative, for partial summary judgment dismissing an affirmative defense of general release, unanimously affirmed, with costs.
The motion court properly dismissed the claim of legal malpractice. Even if plaintiff established the requisite conflict based on the existence of a prior attorney-client relationship, which relationship the parties do not dispute, plaintiff failed to establish that he incurred any damages attributable to defendant’s breach of duty (Kodsi v Gee, 100 AD3d 437, 438 [1st Dept 2012]; Leder v Spiegel, 31 AD3d 266, 268 [1st Dept 2006], affd 9 NY3d 836 [2007], cert denied 552 US 1257 [2008]; Estate of Steinberg v Harmon, 259 AD2d 318 [1st Dept 1999]). Plaintiff argues that, by exclusion from the settlement between Pinnacle and Athle-Tech, he was forced to incur more than $1 million in attorney’s fees in defending against the second Athle-Tech litigation. However, plaintiff cannot show with sufficient certainty that he would have been able to settle with Athle-Tech and thereby have avoided or reduced his costs. Nor can any alleged damages be attributed to a breach of duty of loyalty based on defendant’s prior representation of plaintiff in connection with the Montage SPA. By the time the settlement was made final, plaintiff’s indemnification obligations under the Montage SPA were extinguished.
The court also properly denied plaintiff’s motion to strike *445 defendant’s answer based on the destruction of electronic evidence. Plaintiff had all of the disputed documents and cannot claim any prejudice in pursuing his claim (see Suazo v Linden Plaza Assoc., L.P., 102 AD3d 570, 571 [1st Dept 2013]; McMahon v Ford Motor Co., 34 AD3d 263, 264 [1st Dept 2006]). Plaintiff further fails to establish that any failure to produce the emails was willful (CPLR 3126).
In view of the foregoing, plaintiff’s motion seeking to dismiss defendant’s affirmative defense was properly denied as moot. Concur — Tom, J.E, Andrias, Friedman, Freedman and Clark, JJ.