(January 8, 2015)

MALGORZATA WIACEK, Respondent, v 3M COMPANY et al., Defendants, and NORTH SAFETY PRODUCTS, Appellant. MALGORZATA WIACEK, Respondent, v 3M COMPANY et al., Defendants,

and Bacou-Dalloz Safety, Inc., et al., Appellants. [2 NYS3d 81]—

Orders, Supreme Court, New York County (Sherry Klein Heitler, J.), entered January 27, 2014, which, to the extent appealed from, denied defendants North Safety Products' and defendants Bacou-Dalloz Safety Inc., Bacou-Dalloz USA Safety, Inc., Dalloz Safety, Inc. and Willson Safety Products' (collectively, Willson Safety) motions for summary judgment dismissing the cause of action for failure to warn as against them, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment dismissing the complaint as against said defendants.

Plaintiff failed to plead a cause of action against either North Safety or Willson Safety alleging defects in the efficacy of their respirators and masks or a failure to warn of any such defects (*see Meola v Metro Demolition Contr. Corp.*, 309 AD2d 653, 654 [1st Dept 2003], *lv denied* 2 NY3d 706 [2004]). "Liberality in pleading is stretched too far when it is deemed permissible to plead one claim and then substitute for it an entirely different one" (*New York Auction Co. Div. of Std. Prudential Corp. v Belt*, 53 AD2d 540 [1st Dept 1976], *appeal dismissed* 40 NY2d 1079 [1976] [internal quotation marks omitted]; *see Poley v Sony Music Entertainment*, 222 AD2d 308 [1st Dept 1995]).

In any event, the claims of failure to warn of a defect must be dismissed because, as the motion court found in dismissing the claims of design or manufacturing defect, plaintiff failed to identify any defect in defendants' masks or respirators that caused her decedent to develop asbestos-related disease. Defendants established prima facie that their respirators and masks were in compliance with the applicable standards set by the National Institute for Occupational Safety and Health and thus were safe, and plaintiff failed to raise an inference that there was a defect in these products of which her decedent should have been warned. Concur—Sweeny, J.P., Andrias, Saxe, Richter and Feinman, JJ.