Luisa Esposito, Plaintiff-Appellant, 
against
Allen H. Isaac, individually and as a partner of Gladstein & Isaac, Harvey Gladstein, individually and as a partner of Gladstein & Isaac, Gladstein & Isaac, Arthur Pollack, individually and as a partner of Pollack, Pollack, Isaac & DeCicco, Conrad Pollack, individually and as a partner of Pollack, Pollack, Isaac & DeCicco, Brian J. Isaac, Pollack, Pollack, Isaac & DeCicco, and Pollack, Pollack, Isaac & DeCicco Defendants-Respondents.



Plaintiff, as limited by her brief, appeals from (1) so much of an order of the Civil Court of the City of New York, New York County (David B. Cohen, J.), dated August 11, 2015, which granted defendants Gladstein & Isaac and Harvey Gladstein's motion for summary judgment dismissing the complaint, and (2) an order (same court and Judge), dated January 11, 2016, which denied her motion to reargue the prior order.




Per Curiam.
Order (David B. Cohen, J.), dated August 11, 2015, affirmed, with $10 costs. Appeal from order (David B. Cohen, J.), dated January 11, 2016, dismissed, without costs, as nonappealable.
This now 10-year-old case arises from alleged acts of sexual misconduct by an attorney during his representation of plaintiff-client in a personal injury action. On this appeal from an order dismissing the remaining causes of action against defendant law firm on the ground that the firm was not vicariously liable for acts committed for personal motives of the offending attorney and not in furtherance of the firm's business (see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251-252 [2002]), we decline to entertain plaintiff's attempt to assert for the first time the unpleaded claim that defendant law firm is a "public accommodation" and therefore liable under the New York State and City Human Rights Laws (see Jaroslawicz v Cohen, 12 AD3d 160 [2004]). Plaintiff never pleaded any claims under the Human Rights Laws, never alleged that the law firm is a "public accommodation," and did not move to amend the complaint to assert such claims [*2](see Meola v Metro Demolition Contr. Corp., 309 AD2d 653 [2003], lv denied 2 NY3d 706 [2004]). "Liberality in pleading is stretched too far when it is deemed permissible to plead one claim and then substitute for it an entirely different one" (New York Auction Co. Div. of Std. Prudential Corp. v Belt, 53 AD2d 540 [1976][internal quotation marks omitted], appeal dismissed 40 NY2d 1079 [1976]; see Wiacek v 3M Co., 124 AD3d 421 [2015]; Poley v Sony Music Entertainment, 222 AD2d 308 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: January 27, 2017