Levy v Zimmerman (2022 NY Slip Op 02225)

Levy v Zimmerman

2022 NY Slip Op 02225

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Webber, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. 650502/21 Appeal No. 15665 Case No. 2021-02843 

[*1]Claudia C. Levy et al., Plaintiffs-Appellants,
v
Robert Zimmerman Also Known as Bob Dylan, and Doing Business as Ram'S Horn Music et al., Defendants-Respondents.

Aaron Richard Golub, P.C., New York (Russell I. Zwerin of counsel), for appellants.
Gibson Dunn & Crutcher LLP, New York (Alexandra Perloff-Giles of counsel), and Gibson Dunn & Crutcher, LLP Washington, DC (Thomas H. Dupree, Jr. of the bar of the District of Columbia, admitted pro hac vice, of counsel), for respondents.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about July 30, 2021, which granted the motion of defendants Robert Zimmerman, also known as Bob Dylan (together with defendants Ram's Horn Music, Special Rider Music, and/or Bob Dylan Music Co., the Dylan defendants) and Universal Music Group, Inc. and Universal Music Publishing, Inc. (Universal) to dismiss the complaint, unanimously affirmed, without costs.
Jacques Levy, the decedent of plaintiff-executrix Claudia C. Levy, collaborated with Dylan in the early 1970s to write ten songs, seven of which were included on an album that Dylan released in 1976. In December 2020, Universal purchased the Dylan defendants' entire catalog of approximately 600 songs, including the songs' complete copyrights, for more than $300 million. Plaintiffs commenced this action in January 2021, contending that under a 1975 agreement reflecting the collaboration between Dylan and Jacques Levy, they are entitled to proceeds from the sale of the copyrights. The 1975 agreement provided that the compositions, with all the copyrights, were to be Dylan's "sole property," with Levy assigning to Dylan all "right, title and interests . . . and rights of whatsoever nature." The 1975 agreement also entitles plaintiffs to "35% of any and all income earned by the compositions and actually received by [Dylan] from mechanical rights, electrical transcriptions, reproducing rights, motion picture synchronization and television rights, and all other rights therein," as well as from a third party's acquisition of rights to a composition "for use for the basis for a screenplay, teleplay or dramatic work."
The parties' agreement is unambiguous, and does not entitle plaintiffs to proceeds from the sale of the copyrights of the compositions cowritten with Dylan. Nothing submitted by plaintiffs concerning music industry custom and practice supports a reading otherwise, or even suggests an ambiguity in the relevant contractual language (see e.g. Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014]; Poley v Sony Music Entertainment, 222 AD2d 308, 309 [1st Dept 1995]). Given the finding that
plaintiffs have no claim to a share of the sale proceeds, their claims against Universal were also properly dismissed. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022