Frydco Capital Group, LLC v Carlton Fields, P.A. (2022 NY Slip Op 02619)

Frydco Capital Group, LLC v Carlton Fields, P.A.

2022 NY Slip Op 02619

Decided on April 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 21, 2022

Before: Manzanet-Daniels, J.P., Kern, Singh, Kennedy, Mendez, JJ. 

Index No. 157933/20 Appeal No. 15777 Case No. 2021-03017 

[*1]Frydco Capital Group, LLC, et al., Plaintiffs-Respondents,
v
Carlton Fields, P.A., et al., Defendants-Appellants.

Akerman LLP, New York (Kristen G. Niven of counsel), for appellants.
The Law Offices of Neal Brickman, PC, New York (Neal Brickman of counsel), for respondents.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about May 13, 2021, which, to the extent appealed from, denied defendants' motion to dismiss the legal malpractice claims, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
The legal malpractice claims should have been dismissed pursuant to CPLR 3211(a)(7) on the ground that plaintiffs failed to plead how defendants' alleged acts or omissions proximately caused plaintiffs to sustain any loss in connection with a Florida real estate transaction (see Pellegrino v File, 291 AD2d 60, 63-64 [1st Dept 2002]).
In addition, the legal malpractice claims should have been dismissed pursuant to CPLR 3211(a)(1). Defendants submitted documentary evidence, including the purchase agreement for the property and the seller's partial assignment of its interests in that agreement, that refutes plaintiffs' allegations that the seller's alleged breach of the purchase agreement prevented the closing from occurring, resulting in plaintiffs' loss of the increased value of the property (see Ladera Partners, LLC v Goldberg, Scudieri & Lindenberg, P.C., 157 AD3d 467, 467 [1st Dept 2018]). The purchase agreement between plaintiff Southside and the seller explicitly permitted the seller to engage in a section 1031 transfer, required Southside to cooperate and did not prohibit the seller from assigning its interest as long as it did not allow another party to acquire the property. The assignment agreement between the seller and the assignee clearly bound the assignee to all of the seller's obligations to plaintiffs. Moreover, the assignment agreement and correspondence from seller's counsel made clear that it was not the seller who delayed and prevented the closing, but rather, plaintiff Frydco, Southside's managing member, which did so unilaterally.
Plaintiffs' new theory of causation, that plaintiffs' position in prior litigation with the seller was weakened by an unauthorized consent to the assignment signed by Southside's former manager with defendants' knowledge, is unpreserved for appellate review as it is raised for the first time on appeal. In any event, this new theory of causation is equally speculative concerning how defendants proximately caused any loss to plaintiffs, who now acknowledge that they elected not to close and to instead seek return of their down payments and other damages from the seller. It is thus insufficient to state a claim for legal malpractice.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 21, 2022