Federal Ins. Co. v Lester Schwab Katz & Dwyer, LLP (2022 NY Slip Op 07149)

Federal Ins. Co. v Lester Schwab Katz & Dwyer, LLP

2022 NY Slip Op 07149

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Webber, J.P., Friedman, González, Mendez, JJ. 

Index No. 151093/21 Appeal No. 16884 Case No. 2022-00113 

[*1]Federal Insurance Company, Plaintiff-Respondent,
v
Lester Schwab Katz & Dwyer, LLP et al., Defendants-Appellants.

Furman Kornfeld Brennan LLP, New York (A. Michael Furman of counsel), for appellants.
Cozen O'Connor, New York (Amanda L. Nelson of counsel), for respondent.

Order, Supreme Court, New York County (Shawn Kelly, J.), entered on or about December 14, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' (collectively, LSKD) motion to dismiss the causes of action for legal malpractice, fraud, and negligent misrepresentation, unanimously modified, on the law, to grant the motion to the extent of dismissing the causes of action for fraud and negligent misrepresentation, and otherwise affirmed, without costs.
Supreme Court correctly denied LSKD's motion to dismiss the cause of action for legal malpractice. The verified complaint sufficiently alleges specific facts from which, if true, a factfinder could reasonably infer that, but for LSKD's alleged negligence in conducting the insureds' defense in the underlying action, plaintiff insurer would have achieved a better result in that litigation than the $4 million settlement to which it ultimately agreed. Stated otherwise, the question of proximate cause is not resolvable on this motion to dismiss (see Schroeder v Pinterest Inc., 133 AD3d 12, 26 n 7 [1st Dept 2015]).
The causes of action for fraud and negligent misrepresentation, however, should have been dismissed pursuant to CPLR 3211(a)(1). Both of these claims are based on the contention that LSKD obtained its assignment to defend the insureds in the underlying action by misrepresenting or omitting to disclose the fact that it had a conflict of interest as to the City of New York, a codefendant in the underlying action. This conflict prevented LSKD from pursuing a cross claim against the City, to the detriment of the insureds and their insurers. The theory that LKSD misrepresented or failed to disclose the existence of the conflict is conclusively refuted by documentary evidence, specifically, an April 16, 2013 email from LSKD to, inter alia, the claims adjuster who retained it, plainly stating:
"As discussed, we will accept this new assignment with the understanding that we will not assert cross claims against the City of New York. Our firm represents the City of New York in other matters and we are conflicted from asserting claims against them."
In the context of the foregoing express disclosure of the conflict and consequent inability of LKSD to pursue a cross claim against the City, the communication of the same date that a search for possible conflicts had yielded negative results was not misleading. To the extent plaintiff contends that LKSD inaccurately minimized the
viability of a potential cross claim against the City, the complaint fails to allege particularized facts that this advice was given with deceptive intent so as to support a fraud claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022