**Jackson v Law Offs. of Peter Sverd, PLLC**

2024 NY Slip Op 30413(U)

February 6, 2024

Supreme Court, New York County

Docket Number: Index No. 153586/2023

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LISA S. HEADLEY**
                                    *Justice*

PART                    28M

-------------------------------------------------------------------------------X

DENISE JACKSON,

                    Plaintiff,

          - v -

LAW OFFICES OF PETER SVERD, PLLC,
PETER SVERD

                    Defendant.

-------------------------------------------------------------------------------X

INDEX NO.            153586/2023

MOTION DATE          11/02/2023

MOTION SEQ. NO.         002

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45

were read on this motion to/for                    DISMISS                    .

Defendant, Law Offices of Peter Sverd ("movant" or "defendant"), filed this instant motion, pursuant to *CPLR §§3211(a)(1)* and *(a)(7)*, to dismiss Plaintiff, Denise Jackson's ("Plaintiff") Complaint, with prejudice, and for further relief as the Court deems just and proper. Plaintiff filed opposition, and a cross-motion for an Order, pursuant to *CPLR §§602(a)* and *(b),* to consolidate the instant action pending in the Supreme Court of the State of New York, County of New York, bearing Index No. 153586/2023 ("Action No. 1") with the action pending in Civil Court of the City of New York, County of Kings, bearing Index No. CV-027839/2021 ("Action No. 2"). The defendant filed opposition to the cross-motion. Both the plaintiff and defendant filed reply papers.

On April 19, 2023, plaintiff commenced the instant case, Action No.1, against the defendant for professional malpractice and breach of contract in Supreme Court. This action stems from defendant's legal representation of plaintiff in a case that was filed with the Second Circuit Court of Appeals. Plaintiff claims she retained defendant, as her attorney, to appeal an Order issued by the Eastern District Court of New York, a case in which the plaintiff appeared without counsel. The Eastern District Court of New York dismissed the then *pro se* plaintiff's complaint filed against Wells Fargo for alleged discrimination for refusing to provide Plaintiff with mortgage assistance in 2012, 2013, and 2014.

153586/2023   JACKSON, DENISE vs. LAW OFFICES OF PETER SVERD, PLLC ET AL          Page 1 of 6
  Motion No.  002

1 of 6

On November 26, 2021, the defendant commenced Action No. 2 against the plaintiff in Kings County Civil Court for breach of contract, and to collect unpaid legal fees pursuant to retainer agreement executed by the plaintiff and defendant.

## I.      The Defendant's Motion to Dismiss

In support of the motion to dismiss, the defendant submits the Memorandum and Order of the Eastern District of New York *(NYSCEF Doc. No. 21),* the Retainer Agreement *(NYSCEF Doc. No. 22)*, the Second Circuit Court of Appeals Decision *(NYSCEF Doc. No. 24),* and the Second Circuit Denial of Petition for Rehearing *(NYSCEF Doc. No. 26).*

In the motion, the defendant argues, *inter alia,* that the plaintiff has failed to state a claim for legal malpractice since the plaintiff must assert that her attorney's conduct "fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession." Defendant argues the plaintiff failed to state that the defendant's conduct breached the standard of care for attorneys because the plaintiff claims that the defendant "failed to gather new facts on appeal, which cannot serve as a basis for an appeal." According to the Retainer Agreement, the defendant would render services in connection with an appeal of the Eastern District matter to the Second Circuit, wherein defendant filed a notice of appearance and initiated an appeal to the Second Circuit. On July 14, 2020, the United States Court of Appeals for the Second Circuit denied the plaintiff's petition for an appeal. *(See, NYSCEF Doc. No. 26).* Defendant further contends that during their legal representation of plaintiff, defendant did not make any promises of a result, or an outcome of the appeal.

In addition, defendant argues that the plaintiff's breach of contract claim is duplicative of the legal malpractice claim since the breach of contract claim arises from the same facts as the legal malpractice claim. The defendant asserts that on April 25, 2019, the plaintiff and defendant signed the retainer agreement, which delineates the nature of services to be rendered, the terms of representation, the payment of fees,  the retainers and trial retainers, the disbursement terms, the withdrawal of representation terms, security interests, and fee disputes. (*See, NYSCEF Doc. No. 22).* The defendant claims that plaintiff's Complaint fails to differentiate between the legal malpractice and breach of contract claims, and fails to articulate any separate and distinct damages. Therefore, the defendant motions this Court to dismiss the Complaint, with prejudice, because there is no claim for breach of contract and/or legal malpractice.

## II.     Plaintiff's Affirmation in Opposition

In opposition, the plaintiff argues, *inter alia,* that she stated a cause of action for legal malpractice because "the Complaint alleges that but for [defendant's] negligence in failing to reference and point out facts to the Court that would have demonstrated that leave to amend Plaintiff's complaint would not be futile, Plaintiff would have retained her right to sue Wells Fargo for the damages caused by Wells Fargo unjustly denying her applications for loans." On appeal, the Second Circuit Court of Appeals Court upheld the Eastern District Court of New York's ruling that dismissed her complaint in its entirety. Plaintiff argues that the defendant failed to reference any factual allegations that Wells Fargo discriminated against Plaintiff based on her race or gender, or that similarly situated individuals of other races were approved for the same type of loans for which Plaintiff was denied. The plaintiff also argues that the "[d]efendant failed to gather and submit data and information available at the time that would show the disparate treatment of African Americans by Wells Fargo in the loan application process."

In addition, the plaintiff argues that the breach of contract claim is not duplicative of the legal malpractice claim. Plaintiff alleges that defendant's malpractice was a proximate cause of depriving her of the right to sue Wells Fargo for its discrimination in denying her loan applications. As to the breach of contract claim, the plaintiff asserts defendant ignored her calls and e-mails, and defendant failed to attempt settlement or mediation as they agreed. Therefore, the Plaintiff requests this Court to deny the defendant's motion to dismiss the Complaint.

## III.     Plaintiff's Cross-Motion to Consolidate

The plaintiff filed a cross-motion seeking to consolidate this action, Action No. 1, *Denise Jackson v. Law Offices of Peter Sverd, PLLC, et al*., which is currently pending in this Court, Supreme Court of the State of New York, County of New York, under Index No. 153586/2023 and Action No. 2, *Law Offices of Peter Sverd, PLLC v. Denise Jackson*, which is currently pending in Civil Court of the City of New York, County of Kings, under Index No. CV-027839/2021.

In support of the cross-motion, plaintiff argues that Action No. 1 and Action No. 2 should be consolidated for the purposes of joint discovery and trial because both actions arose out of the same agreement and transactions, and thus, both actions involve common questions of law and fact. Plaintiff also argues that consolidating  Action No. 1 and Action No. 2 would eliminate the possibility of inconsistent verdicts and promote judicial economy.

153586/2023   JACKSON, DENISE vs. LAW OFFICES OF PETER SVERD, PLLC ET AL          Page 3 of 6
Motion No.  002

3 of 6

[* 3]

In opposition to the cross-motion, the defendant argues that the plaintiff failed to allege common questions of law or fact in Action No. 1 and Action No. 2. To the contrary, the defendant argues that consolidation would not promote judicial economy, however it would lead to jury confusion because the defendant filed the Civil Case first against the plaintiff to collect unpaid legal fees related to the April 25, 2019, Retainer Agreement, whereas the plaintiff in this case is seeking damages for professional malpractice and breach of contract based on the defendant's representation of plaintiff. Therefore, defendant requests this Court to deny Plaintiff's cross-motion to consolidate Action No. 1 and Action No. 2.

## IV. DISCUSSION

### a. Defendant's Motion to Dismiss Pursuant to *CPLR §§3211(a)(1)* and *(a)(7)*

Under *CPLR § 3211(a)(1),* dismissal is warranted if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law. *Leon v. Martinez,* 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511 (1994).

Under *CPLR §3211(a)(7)*, "[i]n considering a motion to dismiss a complaint for failure to state a cause of action … the pleadings must be liberally construed." *Dye v. Catholic Med. Ctr. Of Brooklyn & Queens,* 273 A.D.2d 193 (2d Dep't 2000).

"When considering a motion to dismiss for failure to state a cause of action, the pleadings should be afforded a liberal construction and the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'." *Leon v. Martinez, supra at* 87–88. Dismissal is warranted where "the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc.,* 29 N.Y.3d 137, 142 (2017).

Here, the Court finds that dismissal is warranted because plaintiff's Complaint fails to state a cognizable cause of action for professional malpractice and breach of contract. As it pertains to the legal malpractice claim, "[d]ecisions regarding the evidentiary support for a motion or the legal theory of a case are commonly strategic decisions and a client's disagreement with its attorney's strategy does not support a malpractice claim, even if the strategy had its flaws." *Brookwood Companies, Inc. v. Alston & Bird LLP*, 146 A.D.3d 662 (1st Dep't 2017). In order to survive dismissal, the complaint must show that "but for counsel's alleged malpractice, the plaintiff would

**153586/2023   JACKSON, DENISE vs. LAW OFFICES OF PETER SVERD, PLLC ET AL**     **Page 4 of 6**
  **Motion No.  002**

not have sustained some actual ascertainable damages." *Franklin v. Winard*, 199 A.D.2d 220 (1st Dep't 1993 [internal citations omitted]. In addition, "it must be established that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community. It must also be established that the attorney's negligence was a proximate cause of the loss sustained, and that the plaintiff incurred damages as a direct result of the attorney's actions." *Hwang v. Bierman*, 206 A.D.2d 360 (2d Dep't 1994) [internal citations omitted]. "[W]hen a frustrated litigant complained of counsel's omissions,'[p]laintiff's remedy relies on *prima facie* proof that she would have succeeded'[.]" *Pellegrino v. File*, 291 A.D.2d 60, 63 (1st Dep't 2002).

Here, this Court finds plaintiff's arguments do not prevail, and even if the defendant executed a different strategy, and whether the defendant had submitted certain documents, facts, or allegations at the time of the appeal, that would not have rendered plaintiff a more favorable outcome on her appeal. The plaintiff's grievances or disappointment in the outcome of her appeal handled by the defendant does not constitute legal malpractice.

Furthermore, where a breach of contract claim arises from the same facts and alleges similar damages as a legal malpractice action, it must be dismissed. *See*, *Lewis Brisbois Bisgaard & Smith LLP v. Fishman*, 2019 N.Y. Slip Op. 30413[U], 5 (N.Y. Sup Ct, New York County 2019). The Court has held that "[t]he breach of contract and breach of fiduciary duty claims were properly dismissed as duplicative, since they arose from the same facts as the legal malpractice claim and allege similar damages." *InKine Pharm. Co. v. Coleman*, 305 AD2d 151, 152 (1st Dep't 2003); *Sage Realty Corp. v. Proskauser Rose LLP*, 251 A.D.2d 35, 38 (1st Dep't 1998). As such, the Court hereby dismisses the plaintiff's breach of contract claim as it is duplicative of the malpractice claim.

### b. **Plaintiff's Cross-Motion to Consolidate**

The plaintiff's cross-motion to consolidate is denied as moot, as the instant action is hereby dismissed.

Accordingly, it is hereby

**ORDERED** that movant-defendant's motion, pursuant to *CPLR §§3211(a)(1)* and *(a)(7),* to dismiss the Plaintiff's Complaint in this action is GRANTED, and it is further

**ORDERED** that Plaintiff's cross-motion to consolidate Action No. 1 and Action No. 2 is DENIED, and it is further

[* 5]

**ORDERED** that within 30 days of entry, defendant shall serve a copy of this Decision/Order upon the Plaintiff with notice of entry; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision and Order of the Court.

| **2/6/2024** | | | | **LISA S. HEADLEY, J.S.C.** | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**153586/2023   JACKSON, DENISE vs. LAW OFFICES OF PETER SVERD, PLLC ET AL**
**Motion No.  002**

Page 6 of 6