Gopstein v Bellinson Law, LLC (2024 NY Slip Op 02592)

Gopstein v Bellinson Law, LLC

2024 NY Slip Op 02592

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Kern, J.P., Oing, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 159060/22 Appeal No. 2228 Case No. 2023-05770 

[*1]Sheldon H. Gopstein, Plaintiff-Appellant,
v
Bellinson Law, LLC, et al., Defendants-Respondents.

Law Office of Sheldon H. Gopstein, New York (Sheldon H Gopstein of counsel), for appellant.
Furman Kornfeld & Brennan LLP, New York (David Furman of counsel), for respondents.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered October 6, 2023, which, insofar as appealed from as limited by the briefs, granted defendants' Bellinson Law, LLC's and Robert J. Bellison's motion to dismiss the complaint, unanimously affirmed, with costs.
In this legal malpractice action, plaintiff, an attorney acting pro se, alleges that defendants Bellinson Law, LLC, and Robert J. Bellinson (together Bellinson) negligently advised plaintiff to settle a legal malpractice action he commenced against his former attorney, Steven J. Pepperman. Pepperman initially represented plaintiff in a personal injury action. Unhappy with the results of a summary judgment motion, plaintiff replaced Pepperman with Bellinson in the personal injury action. Bellinson settled the personal injury action on plaintiff's behalf. Afterward, plaintiff sued Pepperman for legal malpractice. Bellinson subsequently settled both the Pepperman legal malpractice action and Pepperman's claim for legal fees in the personal injury action.
The court properly dismissed plaintiff's claim pursuant to CPLR 3211(a)(7) because he failed to state a cause of action (Leon v Martinez, 84 NY2d 83, 87 [1994]). In order to survive a motion to dismiss, a plaintiff's complaint in an action for legal malpractice must show that "but for counsel's alleged malpractice, the plaintiff would not have sustained some actual ascertainable damages" (Pellegrino v File, 291 AD2d 60, 63 [1st Dept 2002], lv denied 98 NY2d 606 [2002]). Moreover, speculative or conclusory damages cannot be the basis of a malpractice claim (see id.).
Here, plaintiff's allegation that Bellinson's advice denied him the full value of his malpractice suit against Pepperman was "purely conclusory" (Murray Hill Invs. v Parker Chapin Flattau & Klimpl, LLP, 305 AD2d 228, 229 [1st Dept 2003]). Plaintiff's complaint lacked any factual allegations to support his conclusion that he "would have succeeded" in achieving a better result in the personal injury action but for Pepperman's negligence, and that he would have proved legal malpractice against Pepperman but for defendants' advice (Pellegrino, 291 AD2d at 63). Additionally, plaintiff's damages were speculative as he provided no basis for his calculations (see id.; Zarin v Reid & Priest, 184 AD2d 385, 387-388 [1st Dept 1992]).
Although the motion court correctly dismissed the Judiciary Law § 487 claim, the proper basis for dismissal is that the claim was insufficiently pleaded given that it is supported by conclusory allegations of intentional deceptive conduct, rather than being duplicative of the legal malpractice (see Sabalza v Salgado, 85 AD3d 436, 438 [1st Dept 2011]). In any event, the court also properly dismissed plaintiff's Judiciary Law § 487 claim as it is without merit. "Professional shortcomings or disagreements as to litigation strategy that do not involve intentional false statements in the context of litigation may sound in legal malpractice, but [*2]not in attorney deceit" under Judiciary Law § 487 (Urias v Daniel P. Buttafuoco & Assoc., PLLC,  NY3d 
, 2024 NY Slip Op 01497, *5 [2024]; see also Bill Birds, Inc. v Stein Law Firm, P.C., 35 NY3d 173, 179 [2020]).
Plaintiff has abandoned his appeal of the dismissal of the breach of fiduciary duty claim because he offers no argument in support of the claim (see Westman Realty Co., LLC v Nettles, 220 AD3d 557, 558 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024