Borukhov v Roth & Khalife, LLP (2026 NY Slip Op 00575)

Borukhov v Roth & Khalife, LLP

2026 NY Slip Op 00575

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Moulton, J.P., Friedman, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 151786/24|Appeal No. 5737|Case No. 2024-06200|

[*1]Gabriella Borukhov, Plaintiff-Appellant,
vRoth & Khalife, LLP, et al., Defendants-Respondents.

Sullivan Papain Block McManus Coffinas & Cannavo, P.C., New York (Brian J. Shoot of counsel), for appellant.
Roth & Khalife LLP, New York (Ronald H. Roth of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered October 7, 2024, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff failed to state a cause of action for legal malpractice, as she failed to adequately plead that but for counsel's alleged malpractice, she would not have sustained some actual, ascertainable damages (CPLR 3211[a][7]; see Pellegrino v File, 291 AD2d 60, 63 [1st Dept 2002], lv denied 98 NY2d 606 [2002]). Plaintiff avers in the complaint that her counsel failed to properly research personal injury verdicts obtained in Florida, and that as a result, he failed to advise her that pursuing litigation in Florida could result in a far larger monetary award than the $400,000 settlement she received after mediation in New York. These averments are not sufficiently specific to support a finding that but for counsel's alleged negligence, plaintiff would have obtained a more favorable result (cf. Federal Ins. Co. v Lester Schwab Katz & Dwyer, LLP, 211 AD3d 527, 527 [1st Dept 2022]). Rather, they amount to purely speculative and conclusory allegations of damages, which cannot form the basis for a legal malpractice claim (see Gopstein v Bellinson Law, LLC, 227 AD3d 465, 466 [1st Dept 2024]; Pellegrino, 291 AD2d at 63).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026